IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| STEVEN SMITH,<br><br>   Plaintiff,<br><br>vs.<br><br>AUGUSTA-RICHMOND COUNTY,<br>GEORIGA; RICHARD ROUNDTREE,<br>individually and in his official capacity as<br>Sheriff of Richmond County, Georgia;<br>DEPUTY SMITH, individually and in his<br>official capacity as a sworn officer of the<br>Richmond County Sheriff's Office;<br>MAJOR KEVIN JONES, individually and<br>in his official capacity as Commander of<br>the Charlie Webster Detention Center<br>operated by the Richmond County<br>Sheriff's Office; LIEUTENANT DANNY<br>WHITEHEAD, individually and in his<br>official capacity as a sworn officer of the<br>Richmond County Sheriff's Office; and<br>JOHN DOE DEFENDANTS ONE<br>THROUGH SIX;<br><br>   Defendants. | CASE NO.: 1:22-CV-149 |

## ANSWER

COME NOW Defendants Augusta, Georgia, Sheriff Richard Roundtree, Marlon Smith, and Danny Whitehead, and file this Answer to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of qualified and official immunity.

1

**THIRD DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims are barred by immunity pursuant to the 11th Amendment of the United States Constitution.

**FIFTH DEFENSE**

To the extent that Defendants are being sued in their official capacity, Plaintiff's § 1983 claims are not cognizable.

**SIXTH DEFENSE**

Defendants deny that Augusta's Noise Ordinance is unconstitutional.

**SEVENTH DEFENSE**

Defendants deny that Plaintiff is entitled to injunctive relief.

**EIGHTH DEFENSE**

Defendants deny that Plaintiff was falsely arrested or falsely imprisoned.

**NINTH DEFENSE**

Plaintiff's claims against Sheriff Roundtree, Marlon Jones, and Danny Whitehead in their official capacities are duplicative.

**TENTH DEFENSE**

Plaintiff has failed to provide proof that an ante litem notice was served as required by O.C.G.A. § 36-11-1.

**ELEVENTH DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statutes of limitation and the equitable doctrines of laches, waiver, and estoppel.

**TWELFTH DEFENSE**

Plaintiff's claims against John Doe Defendants constitute improper fictitious party pleading.

**THIRTEENTH DEFENSE**

Defendants specifically reserve the right to raise additional claims or defenses which may become available.

**FOURTEENTH DEFENSE**

Defendants hereby respond to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1. Defendants deny the allegations set forth in paragraph 1 of Plaintiff's Complaint.

2. Defendants deny the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 5 of Plaintiff's Complaint.

6. Defendants deny the allegations set forth in paragraph 6 of Plaintiff's Complaint.

7. Defendants deny the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8. The substance of this paragraph in introductory such that a response in not required.  To the extent that a response is required, Defendants deny the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9. The substance of this paragraph in introductory such that a response in not required. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. The substance of this paragraph in introductory such that a response in not required. To the extent that a response is required, Defendants admit only that Augusta, Georgia is a consolidated government entity; otherwise, Defendants deny the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. The substance of this paragraph in introductory such that a response in not required. To the extent that a response is required, Defendants admit only that Richard Roundtree is the Sheriff of Richmond County; otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26. Defendants admit only that the citation and ordinance speak for themselves; otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. Defendants admit only that the Summons Continuation speaks for itself.

28. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. Defendants admit that only that the Order speaks for itself.

35. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 35 of Plaintiff's Complaint.

36. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 36 of Plaintiff's Complaint.

37. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 37 of Plaintiff's Complaint.

38. Defendants admit only that Deputy Smith responded to a call for service from the Women's Health Center; otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegation set forth in paragraph 40 of Plaintiff's Complaint.

41. Defendants admit only that Plaintiff was arrested; otherwise, Defendants deny the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations set forth in paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations set forth in paragraph 44 of Plaintiff's Complaint.

45. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 45 of Plaintiff's Complaint.

46. Defendants admit only that Ordinance 7782 was adopted and it replaced Augusta Code §§ 3-6-1 through 36-3.

47. Defendants deny the allegations set forth in paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations set forth in paragraph 48 of Plaintiff's Complaint.

49. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 49 of Plaintiff's Complaint.

50. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 50 of Plaintiff's Complaint.

51. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 51 of Plaintiff's Complaint.

52. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 52 of Plaintiff's Complaint.

53. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 53 of Plaintiff's Complaint.

54. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 54 of Plaintiff's Complaint.

55. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 55 of Plaintiff's Complaint.

56. Defendants admit only that Plaintiff reported an incident to the RCSO, otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 56 of Plaintiff's Complaint.

57. Defendants admit only that deputies did arrive at the health center to investigate Plaintiff's report.

58. Defendants admit only that Plaintiff agreed to be interviewed by an investigator regarding the incident.

59. Defendants deny the allegations set forth in paragraph 59 of Plaintiff's Complaint.

60. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 60 of Plaintiff's Complaint.

61. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 61 of Plaintiff's Complaint.

62. Defendants admit that in response to an open records request the RCSO was no obligation to release records, other than initial reports, in any pending investigation or prosecution pursuant to O.C.G.A. § 50-18-72(a)(4).

63. Defendants deny the allegations set forth in paragraph 63 of Plaintiff's Complaint.

64. Defendants admit only that the citation speaks for itself.

65. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 65 of Plaintiff's Complaint.

66. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 66 of Plaintiff's Complaint.

67. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 67 of Plaintiff's Complaint.

68. Defendants deny the allegations set forth in paragraph 68 of Plaintiff's Complaint.

69. Defendants incorporate as if restated herein their responses in paragraphs 1 through 68 above.

70. Defendants deny the allegations set forth in paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegations set forth in paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegations set forth in paragraph 72 of Plaintiff's Complaint.

73. Defendants deny the allegations set forth in paragraph 73 of Plaintiff's Complaint.

74. Defendants deny the allegations set forth in paragraph 74 of Plaintiff's Complaint.

75. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 75 of Plaintiff's Complaint.

76. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 76 of Plaintiff's Complaint.

77. Defendants deny the allegations set forth in paragraph 77 of Plaintiff's Complaint.

78. Defendants deny the allegations set forth in paragraph 78 of Plaintiff's Complaint.

79. Defendants admit that the text of Augusta Code § 3-6-3(c) speaks for itself.

80. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 80 of Plaintiff's Complaint.

81. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 81 of Plaintiff's Complaint.

82. Defendants deny the allegations set forth in paragraph 63 of Plaintiff's Complaint.

83. Defendants deny the allegations set forth in paragraph 83 of Plaintiff's Complaint.

84. Defendants deny the allegations set forth in paragraph 84 of Plaintiff's Complaint.

85. Defendants deny the allegations set forth in paragraph 85 of Plaintiff's Complaint.

86. Defendants deny the allegations set forth in paragraph 86 of Plaintiff's Complaint.

87. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 87 of Plaintiff's Complaint.

88. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 88 of Plaintiff's Complaint.

89. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 89 of Plaintiff's Complaint.

90. Defendants deny the allegations set forth in paragraph 90 of Plaintiff's Complaint.

91. Defendants deny the allegations set forth in paragraph 91 of Plaintiff's Complaint.

92. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 92 of Plaintiff's Complaint.

93. Defendants deny the allegations set forth in paragraph 93 of Plaintiff's Complaint.

94. Defendants incorporate as if restated herein their responses in paragraphs 1 through 93 above.

95. Defendants deny the allegations set forth in paragraph 95 of Plaintiff's Complaint.

96. Defendants deny the allegations set forth in paragraph 96 of Plaintiff's Complaint.

97. Defendants deny the allegations set forth in paragraph 97 of Plaintiff's Complaint.

98. Defendants deny the allegations set forth in paragraph 98 of Plaintiff's Complaint.

99. Defendants deny the allegations set forth in paragraph 99 of Plaintiff's Complaint.

100. Defendants deny the allegations set forth in paragraph 100 of Plaintiff's Complaint.

101. Defendants incorporate as if restated herein their responses in paragraphs 1 through 100 above.

102. Defendants deny the allegations set forth in paragraph 102 of Plaintiff's Complaint.

103. Defendants deny the allegations set forth in paragraph 103 of Plaintiff's Complaint.

104. Defendants deny the allegations set forth in paragraph 104 of Plaintiff's Complaint.

105. Defendants deny the allegations set forth in paragraph 105 of Plaintiff's Complaint.

106. Defendants deny the allegations set forth in paragraph 106 of Plaintiff's Complaint.

107. Defendants deny the allegations set forth in paragraph 107 of Plaintiff's Complaint.

108. Defendants deny the allegations set forth in paragraph 108 of Plaintiff's Complaint.

109. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 109 of Plaintiff's Complaint.

110. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 110 of Plaintiff's Complaint.

## FIFTEENTH DEFENSE

Defendants deny each and every requested prayer for relief contained in Plaintiff's Complaint.

## SIXTEENTH DEFENSE

To the extent that an answer to any allegation was omitted, Defendants hereby deny all such allegations.

**Wherefore**, Defendants pray that this Court:

    a. Dismiss Plaintiff's Complaint with prejudice;

    b. Grant judgment to Defendants;

    c. Assess all costs against Plaintiff; and

    d. Award such other and further relief as just and proper.

Respectfully submitted this 26th day of January 2023.

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile:  706-855-7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

STEVEN SMITH,

    Plaintiff,

vs.

AUGUSTA-RICHMOND COUNTY,
GEORIGA; RICHARD ROUNDTREE,
individually and in his official capacity as
Sheriff of Richmond County, Georgia;
DEPUTY SMITH, individually and in his
official capacity as a sworn officer of the
Richmond County Sheriff's Office;
MAJOR KEVIN JONES, individually and
in his official capacity as Commander of
the Charlie Webster Detention Center
operated by the Richmond County
Sheriff's Office; LIEUTENANT DANNY
WHITEHEAD, individually and in his
official capacity as a sworn officer of the
Richmond County Sheriff's Office; and
JOHN DOE DEFENDANTS ONE
THROUGH SIX;

    Defendants.

CASE NO.: 1:22-CV-149

## CERTIFICATE OF SERVICE

    This is to certify that the within and foregoing **Answer** was served upon the following parties in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system, by email, or by depositing a copy in the United States Mail with adequate postage thereon to:

Charles C. Stebbins, III
Robert P. Mangum
Turner Padget Graham & Laney, P.A.
PO Box 1495
Augusta, GA 30903
cstebbinsiii@turnerpadget.com
rmangum@turnerpadget.com

13

This 26th day of January 2023.

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile:  706-855-7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com