**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

STEVEN SMITH,

    Plaintiff,

                                   CIVIL ACTION FILE

v.                                NO. 1:22-cv-00149

AUGUSTA-RICHMOND COUNTY,
GEORGIA, et al

    Defendants.

## MOTION TO QUASH SUBPOENA OR, ALTERNATIVELY, FOR A PROTECTIVE ORDER

Burnside Law Firm LLP and Thomas Burnside (collectively "Burnside") hereby move the Court pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure ("FRCP") to quash the subpoena *duces tecum* served on February 3, 2023, a copy of which are collectively attached hereto as Exhibit A. The subpoenas purport to require Burnside to produce certain documents, information, and objects to counsel for Plaintiff on February 20, 2023.  In support of its Motion to Quash, Burnside respectfully shows the following:

1.

Burnside operates a law firm with an office and place of transacting business located  at 2919 Professional Parkway, Augusta, Georgia, 30907.

2.

Burnside is not a party to this action and has no financial stake in the outcome.

3.

The gravamen of Plaintiff's Complaint seeks a judicial determination that Augusta-Richmond County's Noise Ordinance, codified as Sec. 3-6-1, *et seq.* is unconstitutional and therefore unenforceable to curb or prohibit Plaintiff's ongoing protests in front of Augusta Women's Health Center located at 2903 Professional Parkway, which is immediately adjacent to Burnside's law firm office.

4.

Burnside has no information or documents that have any bearing on the dispositive legal issue in this case; namely, the constitutionality of the Augusta-Richmond County's Noise Ordinance.

5.

Attorney Thomas Burnside and others working at his law firm have observed and been exposed to Plaintiff's loud and disruptive method of protesting. Plaintiff's conduct while protesting has interfered with Burnside's business as reflected in the Affidavit of Thomas Burnside submitted herewith. To be clear, Burnside does not oppose the subject matter of the Plaintiff's protests, just the loud and disruptive manner and methods consistently utilized by Plaintiff.

6.

Burnside has on several occasions asked Plaintiff to refrain from his loud behavior because of the negative effect on the law firm's ability to provide for a professional business environment for his staff and clients. Burnside's requests to Plaintiff to lower (but never to cease) the noise level have all been met by Plaintiff with disdain and disrespect.

7.

Through acts that can only be described as vindictive, Plaintiff has attempted to tarnish Mr. Burnside's reputation in certain social and/or religious circles by equating Burnside's opposition to the noise levels to support of abortion or "killing babies." Mr. Burnside does not oppose the nature of Plaintiff's protest, but instead, simply objects to the manner and method of the protests that continue to disturb and negatively impact the Burnside's legal business.

8.

Mr. Burnside's only connection to this case is locational, in that his law office is physically located immediately adjacent to the Augusta Women's Health Center at 2903 Professional Parkway where the loud protests are constantly staged by Plaintiff and others.

9.

The subject subpoenas are simply another escalation in Plaintiff's ongoing

habit, practice, and custom of annoying and harassing Burnside by injecting him into this dispute unfairly and without just cause.

10.

The subpoenas should be quashed entirely. If not quashed, then alternatively, the Court should enter a protective order that eliminates or limits any duty to respond or, at the very least, strictly prohibits the use and dissemination of any information produced.

**DISCUSSION**

The discovery process in civil cases is controlled by the FRCP. FRCP 26 provides that discovery is proportional:

> Parties may obtain discovery regarding any non-privileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, *the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit* . . . .

FED. R. CIV. PRO. 26(b)(1) (emphasis added).

Notably, FRCP 26 rightly provides protection for any person "from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. PRO. 26(c)(1).

In tandem with Rule 26, FRCP 45 provides certain protections for persons subject to a subpoena *duces tecum*. Specifically, FRCP 45(d)(3) provides that a

-4-

subpoena may be quashed when it subjects a person to undue burden. Thus, in considering a motion to quash a subpoena *duces tecum,* the Court utilizes the same standard set forth in Rule 26(b) to determine whether the subpoena is overly broad or seeks irrelevant information or is merely a tactic employed solely for annoyance, embarrassment, oppression, or undue burden or expense. *Bagnato v. Phoebe Putney Health Sys.*, 2008 U.S. Dist. LEXIS 130009, at *13 (N.D. Ga. Nov. 13, 2008) ("Courts . . . have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26.").

These rules also apply to non-parties. "The Federal Rules protect subpoenaed *non-parties* . . . from undue burden or expense." *Hernandez v. Hendrix Produce, Inc.*, 2014 U.S. Dist. LEXIS 30861, at *11 n.5 (S.D. Ga. Mar. 10, 2014) (emphasis in original).

> Given the infinite complexities that arise in litigation, there is no definitive set of rules as to reasonableness … [but] factors commonly considered in determining whether a subpoena *duces tecum* presents an undue burden include (a) the relevance of the information requested; (b) the need of the party for the documents; (c) the breadth of the document request; (d) the time period covered by the request; (e) the particularity with which the party describes the requested documents; and (f) the burden imposed.

*Wachovia Ins. Servs. v. Paddison*, 2006 U.S. Dist. LEXIS 66463, at *58 (S.D. Ga. July 18, 2006) (citing 28 FED. PROC., L. ED. § 65:266 (June 2006).

Thus, a party seeking discovery from a non-party must show that its need for discovery outweighs the non-party's interest in nondisclosure. *Bagnato*, 2008 U.S.

Dist. LEXIS 130009, at *13. FRCP 26(d)(2)(C) requires the Court to limit discovery where "the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive" and where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or the proposed discovery is outside the scope permitted by FRCP Rule 26(b)(1)." Importantly, "[w]hen relevancy is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request." *Smith v. Pefanis*, 2008 U.S. Dist. LEXIS 126139, at *9 (N.D. Ga. Oct. 30, 2008).

In short, a subpoena should be quashed when "it clearly is overly broad and not limited to relevant discoverable information." *Smith v. Pefanis*, 2008 U.S. Dist. LEXIS 126139, at *5 (N.D. Ga. Oct. 30, 2008) (quashing a subpoena that sought documents "based on pure speculation that amount to nothing more than a fishing expedition . . . not related to the alleged claims or defenses"); *see also Bagnato*, 2008 U.S. Dist. LEXIS 130009, at *16-22 (quashing a subpoena *duces tecum* served on a non-party that sought documents unrelated to the underlying case). A subpoena should also be quashed "if it calls for 'clearly irrelevant matter.'" *Precision Aviation Grp., Inc. v. Prime Industries*, 2017 U.S. Dist. LEXIS 167630, at *4 (N.D. Ga. June 16, 2017) (*quoting Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 667 (N.D. Fla. 2010)).

Certainly, in the subject case, Mr. Burnside's views and activities pertaining to the manner and method of Plaintiff's protest have no bearing on whether the Noise ordinance meets constitutional muster.

Applying this general legal framework Movants Burnside responds seriatim to the documents sought from Burnside via the subpoenas:

Request 1 seeks any documents regarding "alleged inconveniences, annoyances, disturbances, or injuries suffered by [Burnside]". As shown above, the fact that Burnside finds Plaintiff's protest manner, methods, and tactics disruptive to its legal business has no bearing on the legal question of whether the Augusta-Richmond County noise ordinances is constitutional as applied to Plaintiff.

Requests 2, 3, and 4 all pertain to communications between Burnside and Defendant Richard Roundtree and or elected officials of Defendant (erroneously identified as Augusta-Richmond County, Georgia). Such documents, if deemed discoverable by the Court, can easily be obtained by requesting same from Defendants herein or through an Open Records request, a process patently more convenient, less burdensome, and less expensive for all. Thus, Plaintiff's action in serving subpoenas on Burnside for documents readily obtainable by other means smacks of an intentional act designed to cause Burnside annoyance, embarrassment, oppression, and undue burden or expense.

Request 5 seeks documents consisting of a log detailing the activities of

Plaintiff or other protestors. Again, such documents to the extent they even exist, have no bearing on the legal question presented.

Request 6 similarly asks for internal communications regarding Plaintiff's activities. To the extent any such documents even exist, they have no bearing on the dispositive question presented.

The final request (erroneously also numbered 6) pertains to communications Burnside may have had with Preferred Women's Clinic at 2903 Professional Parkway. If and how Burnside communicated with representatives of the clinic cannot bear any relationship whatsoever to the dispositive questions presented in this case. Again, this request demonstrates Plaintiff's true intent is not to discover information relevant to the issues of his case, but rather to obtain information in the hope that he can use same against to cause Burnside them further annoyance and/or embarrassment. Plaintiff should not be permitted to use the subpoena power of this Court for that purpose.

For additional facts to support this motion, Movants incorporate the affidavit of Thomas Burnside by reference.

WHEREFORE, Movants Burnside Law Firm LLC and Thomas Burnside respectfully request that the Court enter an order quashing the subpoenas served on February 3, 2023, or, alternatively, that the Court enter a protective order limiting Movants' obligation to respond to said subpoena and/or strictly limiting the use and

dissemination of any information produced.

This 17th day of February, 2023.

/s/ Harry D. Revell
Harry D. Revell
Georgia Bar No. 601331
Alexander Dixon Revell
Georgia Bar No. 316501
*Attorneys for Movants/Nonparties*
*Thomas Burnside and*
*Burnside Law Firm LLP*

Nicholson Revell LLP
4137 Columbia Road
Augusta, GA 30907
(706) 722-8784
harry@nicholsonrevell.com

# UNITED STATES DISTRICT COURT

### for the

Southern District of Georgia ☑

| | |
|---|---|
| **STEVEN SMITH** | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:22-cv-00149 |
| AUGUSTA-RICHMOND COUNTY, GEORGIA; ET AL | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Burnside Law Firm, LLP

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE EXHIBIT A ATTACHED HERETO

| Place: Turner Padget c/o Charles C. Stebbins, III 209 Seventh Street, Third Floor, Augusta, GA 30901 | Date and Time: February 20, 2023 at 5:00 PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   1/31/23

CLERK OF COURT

                               OR

_____          _____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Steven Smith, Plaintiff
, who issues or requests this subpoena, are:
Charles C. Stebbins, III and Robert P. Mangum, Turner Padget Grahm & Laney, P.A. PO Box 1495, Augusta, Georgia 30903; 706-722-7543; cstebbins@turnerpadget.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A**

Civil Action No. 1:22-cv-00149

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Burnside Law Firm, LLP

on *(date)* 2-2-23.

☑ I served the subpoena by delivering a copy to the named person as follows: Served

Thomas Burnside

on *(date)* 3 FEB 2023 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 3-Feb 2023

_____
Server's signature

_____
Printed name and title

404 5th Street, Augusta, GA 30901
Server's address

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Re:     Steven Smith v. Augusta-Richmond County, et. al., 1:22-cv-00149,
        pending in the Federal District Court for the Southern District of Georgia

A.      The word "**Document(s)**" shall mean and refer to the original, and any draft or copy

which differs in any way from the original, of any written or graphic matter or electronic data,

however produced or reproduced, of any kind or description, whether sent to, received by or

created by or for any person. It shall include, without limitation, any paper, book, photographs,

videos, agreement, contract, memorandum, statement, letter, correspondence, , telegram, object,

report, record, transcript, , notation, working paper, interoffice or intra-office communication,

charts  recording of telephone or other conversations (or of interviews of conferences),

electronically stored information, e-mails, text communications, instant message communications,

private messaging communications, public and private social media communications, information

on social media networks, information on blogs, postings on message boards, websites, video logs,

or any written, recorded, transcribed, punched, taped, filmed or other graphic matter, or data

compilations, including metadata, however produced or reproduced, to which you have or had

access or of which you have knowledge. The term "Document" shall have the broadest possible

meaning under Rules 34 and 45 of the Federal Rules of Civil Procedure, and shall require the

production of all electronic data, with metadata and including without limitation all  electronic

data, however stored or  retrievable as residual data from any computer or other electronic storage.

B.      The words "**Communication**" or "**Communications**" shall mean every incident in

which information is transmitted, whether by correspondence, note, memorandum, telephone,

SMS text, MMS text, e-mail, telex, telegram, facsimile, or online services, whether orally, in

1

person, through recording, in writing, or by any other means whatsoever. **"Communication"** shall also include any Document referring to, relating to, or evidencing any Communication.

C.     The words **"Relate"** or **"Relating"** shall mean concerning, referring to, describing, evidencing, rebutting or constituting, or in any way logically or factually connected with the matter discussed.

D.     The words **"Include"** or **"Including"** mean without limitation, and shall be construed to include the phrase "including, but not limited to."

E.     The words **"and"** and **"or"** shall have the disjunctive and the conjunctive meanings, as required to give the sentence where the word is used the broadest possible meaning.

F.     As used herein, the term **"person"** shall mean and include all natural persons, all corporate organizations or firms, all partnerships, trusts, joint ventures, proprietorships, institutions, all unincorporated associations or other business entities, all private or governmental organizations or entities, all administrative agencies, or any other entity and the employees, agents, or other representatives of any such organizations.

G.     As used herein, the term **"You"** or **"Your"** shall mean and refer to Burnside Law Firm, LLC, and all of its past or present agents, employees, members, managers, owners, independent contractors, representatives, accountants, attorneys, and all others acting for and/or on its behalf, unless the context clearly indicates otherwise.

**DOCUMENTS REQUESTED**

1.     All documents evidencing or relating to any alleged inconveniences, annoyances, disturbances or injuries suffered by You, Your law firm, Your employees or Your clients or any other person known to you, as a result of the activities of any protesters, preachers or other persons

2

on , adjacent to or in the vicinity of A Preferred Women's Health Center, 2903 Professional Pkwy, Augusta, Georgia 30907.

2.     All documents evidencing or relating to any complaints by You or on Your behalf to the Augusta-Richmond County Sheriff's Office or any officer or employee of the Richmond County Sheriff's Office, or Defendant Richard Roundtree personally, concerning the activities of Plaintiff or of any protesters, preachers or other persons on, adjacent to or in the vicinity of A Preferred Women's Health Center, 2903 Professional Pkwy, Augusta, Georgia 30907.

3.     All documents evidencing or relating to communications by You to Sheriff Richard Roundtree relating in any way to Steven Smith or any other person known to you who has protested or preached or otherwise produced any noise at a location on, or adjacent to or in the vicinity of A Preferred Women's Health Center, 2903 Professional Pkwy, Augusta, Georgia 30907.

4.     All documents evidencing or relating to communications by You to any current or former Commissioner or official of Augusta, Georgia relating in any way to Steven Smith or any other persons known to you who have protested, preached or otherwise produced a noise at a location on, adjacent to or in the vicinity of A Preferred Women's Health Center, 2903 Professional Pkwy, Augusta, Georgia 30907.

5.     Any documents created or maintained by You purporting to log incidences with or activities of any protesters, preachers or other persons on, adjacent to or in the vicinity of A Preferred Women's Health Center, 2903 Professional Pkwy, Augusta, Georgia 30907.

6.     All documents evidencing or relating to communications internal communications among or between any employee or employees or partners or owners of Your firm relating in any way to Steven Smith or any other protesters or preachers known to you who have protested or

3

preached at a location on, adjacent to or in the vicinity of A Preferred Women's Health Center, 2903 Professional Pkwy, Augusta, Georgia 30907.

6.     All documents evidencing or relating to communications between You and any agent, employee, or representative of the abortion clinic or alleged medical facility operated by A Preferred Women's Center at 2902 Professional Pkwy, Augusta, Georgia, 30907, or to or from any third persons, whether parties to this litigation or not, relating in any way to the activities of Steven Smith or any other protesters or persons known to you who have protested, preached or otherwise produced a noise at a location on, adjacent to or in the vicinity of A Preferred Women's Health Center, 2903 Professional Pkwy, Augusta, Georgia 30907.

# UNITED STATES DISTRICT COURT

### for the

Southern District of Georgia  [▼]

| | |
|---|---|
| STEVEN SMITH | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:22-cv-00149 |
| AUGUSTA-RICHMOND COUNTY, GEORGIA; ET AL | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:             Thomas Burnside

---

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBIT A ATTACHED HERETO

| Place: Turner Padget c/o Charles C. Stebbins, III 209 Seventh Street, Third Floor, Augusta, GA 30901 | Date and Time: February 20, 2023 at 5:00 PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

---

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   1/31/23

*CLERK OF COURT*

                      OR

_____      _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Steven Smith, Plaintiff
, who issues or requests this subpoena, are:
Charles C. Stebbins, III and Robert P. Mangum, Turner Padget Grahm & Laney, P.A. PO Box 1495, Augusta, Georgia 30903; 706-722-7543; cstebbins@turnerpadget.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:22-cv-00149

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Thomas Burnside

on *(date)*  2-2-23.

☒ I served the subpoena by delivering a copy to the named person as follows: Personal Svc

2019 Professional Parkway aug GA

on *(date)*  FEB 3 2023 or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 

My fees are $      for travel and $      for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: 2/3/23

*Server's signature*

Gene Starkey

*Printed name and title*

404 5th Street, Augusta, GA 30901

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

<u>Exhibit A</u>
**To Subpoena to Thomas Burnside**

Re:     Steven Smith v. Augusta-Richmond County, et. al., 1:22-cv-00149,
        pending in the Federal District Court for the Southern District of Georgia

A.      The word **"Document(s)"** shall mean and refer to the original, and any draft or copy which differs in any way from the original,  of any written or graphic matter or electronic data, however produced or reproduced, of any kind or description, whether sent to, received by or created by or for any person.  It shall include, without limitation, any paper, book,  photographs, videos, agreement, contract, memorandum, statement, letter, correspondence, , telegram, object, report, record, transcript, , notation, working paper, interoffice or intra-office communication, charts  recording of telephone or other conversations (or of interviews of conferences), electronically stored information, e-mails, text communications, instant message communications, private messaging communications, public and private social media communications, information on social media networks, information on blogs, postings on message boards, websites, video logs, or any written, recorded, transcribed, punched, taped, filmed or other graphic matter, or data compilations, including metadata, however produced or reproduced, to which you have or had access or of which you have knowledge. The term "Document" shall have the broadest possible meaning under Rules 34 and 45 of the Federal Rules of Civil Procedure, and shall require the production of all electronic data, with metadata and including without limitation all  electronic data, however stored or  retrievable as residual data from any computer or other electronic storage.

B.      The words **"Communication"** or **"Communications"** shall mean every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, SMS text, MMS text, e-mail, telex, telegram, facsimile, or online services, whether orally, in

1

person, through recording, in writing, or by any other means whatsoever. **"Communication"** shall also include any Document referring to, relating to, or evidencing any Communication.

C.    The words **"Relate"** or **"Relating"** shall mean concerning, referring to, describing, evidencing, rebutting or constituting, or in any way logically or factually connected with the matter discussed.

D.    The words **"Include"** or **"Including"** mean without limitation, and shall be construed to include the phrase "including, but not limited to."

E.    The words **"and"** and **"or"** shall have the disjunctive and the conjunctive meanings, as required to give the sentence where the word is used the broadest possible meaning.

F.    As used herein, the term **"person"** shall mean and include all natural persons, all corporate organizations or firms, all partnerships, trusts, joint ventures, proprietorships, institutions, all unincorporated associations or other business entities, all private or governmental organizations or entities, all administrative agencies, or any other entity and the employees, agents, or other representatives of any such organizations.

G.    As used herein, the term **"You"** or **"Your"** shall mean and refer to Thomas Burnside.

## DOCUMENTS REQUESTED

1.    All documents evidencing or relating to any alleged inconveniences, annoyances, disturbances  or injuries suffered by You, Your law firm, Your employees or Your clients or any other person known to you,  as a result of the activities of any protesters, preachers or other persons on , adjacent to or in the vicinity of A Preferred Women's Health Center, 2903 Professional Pkwy, Augusta, Georgia 30907.

2.     All documents evidencing or relating to any complaints by You or on Your behalf to the Augusta-Richmond County Sheriff's Office or any officer or employee of the Richmond County Sheriff's Office, or Defendant Richard Roundtree personally, concerning the activities of Plaintiff or of any protesters, preachers or other persons on, adjacent to or in the vicinity of A Preferred Women's Health Center, 2903 Professional Pkwy, Augusta, Georgia 30907.

3.     All documents evidencing or relating to communications by You to Sheriff Richard Roundtree relating in any way to Steven Smith or any other person known to you who has protested or preached or otherwise produced any noise at a location on, or adjacent to or in the vicinity of A Preferred Women's Health Center, 2903 Professional Pkwy, Augusta, Georgia 30907.

4.     All documents evidencing or relating to communications by You to any current or former Commissioner or official of Augusta, Georgia relating in any way to Steven Smith or any other persons known to you who have protested, preached or otherwise produced a noise at a location on, adjacent to or in the vicinity of A Preferred Women's Health Center, 2903 Professional Pkwy, Augusta, Georgia 30907.

5.     Any documents created or maintained by You purporting to log incidences with or activities of any protesters, preachers or other persons on, adjacent to or in the vicinity of A Preferred Women's Health Center, 2903 Professional Pkwy, Augusta, Georgia 30907.

6.     All documents evidencing or relating to communications internal communications among or between any employee or employees or partners or owners of Your firm relating in any way to Steven Smith or any other protesters or preachers known to you who have protested or preached at a location on, adjacent to or in the vicinity of A Preferred Women's Health Center, 2903 Professional Pkwy, Augusta, Georgia 30907.

3

6.     All documents evidencing or relating to communications between You and any agent, employee, or representative of the abortion clinic or alleged medical facility operated by A Preferred Women's Center at  2902 Professional Pkwy, Augusta, Georgia, 30907, or to or from any third persons, whether parties to this litigation or not, relating in any way to the activities of Steven Smith or any other protesters or persons known to you who have protested, preached or otherwise produced a noise  at a location on, adjacent to or in the vicinity of A Preferred Women's Health Center, 2903 Professional Pkwy, Augusta, Georgia 30907.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing document by filing it with the PACER CM/ECF system, which electronically notifies all counsel of record.

/s/ *Harry D. Revell*
Harry D. Revell
GA Bar No. 601331