IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| STEVEN SMITH,<br><br>   Plaintiff,<br><br>vs.<br><br>AUGUSTA-RICHMOND COUNTY, GEORIGA; RICHARD ROUNDTREE, individually and in his official capacity as Sheriff of Richmond County, Georgia; DEPUTY SMITH, individually and in his official capacity as a sworn officer of the Richmond County Sheriff's Office; MAJOR KEVIN JONES, individually and in his official capacity as Commander of the Charlie Webster Detention Center operated by the Richmond County Sheriff's Office; LIEUTENANT DANNY WHITEHEAD, individually and in his official capacity as a sworn officer of the Richmond County Sheriff's Office; and JOHN DOE DEFENDANTS ONE THROUGH SIX;<br><br>   Defendants. | CASE NO.: 1:22-CV-149 |

### **DEFENDANTS' STATEMENT OF UNDIPSUTED MATERIAL FACTS**

COMES NOW Defendants and file this Statement of Undisputed Material Facts, showing the Court the following:

1. A Preferred Women's Health Center ("APWHC") is a medical office on Professional Parkway in Augusta, Georgia for women who want to diagnose and terminate their pregnancies. Broadnax Dep. 9:1-6; Doc 1 ¶ 4.

2. Plaintiff Steven Smith has been protesting against abortion in front of APWHC almost every day for over six years. Doc. 1 ¶ 4.

1

3. Patients at the facility are often emotional and upset. Broadnax Dep. 48:1-12.

4. The Richmond County Sheriff's Office ("RCSO") receives numerous complaints from APWHC, surrounding business owners, and patients regarding Plaintiff and other protestors. Exhibits A, B, C.

5. Employees at APWHC have complained that Plaintiff and other protestors trespass onto APWHC property and affix signs to APWHC's sign and trees. Exhibit A, p. 11-15, 18,20; Exhibit B.

6. Augusta, Georgia's Comprehensive Zoning Ordinance provides that signs cannot be attached to trees and utility poles. Exhibit D.

7. Attorney Thomas Burnside, whose business is next door to APWHC, often complains to the RCSO about the loud volume of Plaintiff's protests and the fact that Plaintiff and other protestors yell and use amplifiers which disrupts his business. Exhibit C.

8. Deputies are dispatched to APWHC to investigate the complaints, but they do not issue any citations to Plaintiff or seek to arrest him if they lack probable cause to believe a crime occurred. *See* Exhibit A.

9. On May 16, 2020, an employee at APWHC sought assistance from the RCSO regarding loud noise. Exhibit A, p. 18-19.

10. Deputy Sudiran Soosaipillai responded to investigate but he did not cite or arrest Plaintiff. *Id*. Deputy Soosaipillai simply informed Plaintiff that he should not be affixing signs to the APWHC signs or to trees in the right-of-way. *Id*. Deputy Soosaipillai also informed Plaintiff he would be charged with trespassing if he continued to unlawfully hang his signs. *Id*.

11. On July 29, 2020, a visitor at APWHC sought assistance from the RCSO after she

felt that Plaintiff and his associate, Robert Sheffer, were harassing her. Exhibit A, p. 16-17.

12. Deputy Soosaipillai responded to investigate but he did not cite or arrest Plaintiff. *Id*.

13. While at APWHC Deputy Soosaipillai noticed that Plaintiff had a sign located on private property owned by Mayo Strategic Advisors, a business next door to APWHC. *Id*. Mr. Mayo warned Plaintiff and Mr. Sheffer to stay off his property. *Id*.

14. Deputy Soosaipillai also noticed that Plaintiff had affixed signs to the APWHC sign, and he again warned Plaintiff that he could not affix signs to the APWHC sign. *Id*. p. 11-15.

15. On November 20, 2020 an employee at APWHC sought assistance from the RCSO after the employee witnessed Plaintiff trespassing on APWHC property. Exhibit E; Smith body cam.

16. Deputy Marlon Smith responded to the call, and he spoke to the employee and viewed video of Plaintiff on APWHC property. Exhibit E, Smith body cam.

17. Deputy Smith sought a warrant and arrested Plaintiff for criminal trespass in violation of O.C.G.A. § 16-7-21. Exhibit E.

18. On July 1, 2021, Augusta, Georgia adopted Ordinance No. 7782 to amend Augusta, Georgia Code §§ 3-6-1 through 3-6-3, which are noise regulations. Exhibit F.

19. On May 18, 2022, Deputy Timothy Smith responded to APWHC in reference to an employee's complaint that Plaintiff was trespassing on private property. Exhibit A, p. 3-4.

20. Deputy Smith responded to investigate and determined that Plaintiff was actually

trespassing on property owned by Mayo Strategic Advisors. *Id.*

21. On June 28, 2022, the RCSO received a complaint about loud noise outside of APWCH. Whitehead Dep. 14:2-14; Johnson Dep. 12:16-22.

22. Lt. Paul Johnson responded to investigate the complaint. Johnson Dep. 12:20-22.

23. Lt. Johnson interviewed Lillie Blackwell, manager at APWHC, and Attorney Burnside, who both stated that Plaintiff was being loud and disturbing their businesses. *Id.* at 13:2-13.

24. Attorney Burnside also showed Lt. Johnson video of Plaintiff being loud and yelling in front of APWHC. *Id.* at 13:12-13, 41:13-24.

25. Lt. Johnson issued Plaintiff a citation for violating Augusta's noise ordinance. Exhibit G.

26. After Lt. Johnson left the scene, another complaint was immediately received by the RCSO that Plaintiff had resumed yelling and screaming. Whitehead Dep. 14:13-18.

27. Whitehead asked Plaintiff to leave the area because he was continuing to violate the noise ordinance and zoning ordinance after being cited and warned multiple times. *Id.* at 19:5-23.

Respectfully submitted this 15th day of August 2023.

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile:  706-855-7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com