IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| STEVEN SMITH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:22-cv-00149 |
| | ) | |
| AUGUSTA-RICHMOND COUNTY, | ) | |
|   GEORGIA; RICHARD | ) | |
|   ROUNDTREE, individually | ) | |
| and in his official capacity as | ) | |
| Sheriff of Richmond County, | ) | |
| Georgia; DEPUTY MARLON | ) | |
| SMITH, individually and in his | ) | |
| Official capacity as a sworn | ) | |
| Officer of the Richmond County | ) | |
| County Sheriff's Office; | ) | |
| Sheriff's Office; LIEUTENANT | ) | |
|  DANNY WHITEHEAD, | ) | |
| Individually and in his official | ) | |
| capacity as a sworn officer of the | ) | |
| Richmond County Sheriff's Office | ) | |
| and JOHN DOE DEFENDANTS | ) | |
| ONE THROUGH SIX, presently | ) | |
| unidentified to Plaintiff, each of | ) | |
| whom is sued individually and in | ) | |
| his capacity as a sworn officer | ) | |
| of the Richmond County Sheriff's | ) | |
| Office, | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S MOTION AND BRIEF TO REQUIRE
DEFENDANTS' COMPLIANCE WITH
FEDERAL RULE OF CIVIL PROCEDURE 26(b)(5)(A)**

Plaintiff moves that, for the redacted documents included in Exhibit "A" attached hereto, Defendants be required fully to comply with the requirements of Federal Rule of Civil Procedure 26(b)(5)(A), discussed below. In the interest both of good faith and of judicial economy, Plaintiff has limited this motion to the items listed on Exhibit "A", rather than every document redacted

1

by Defendants on a plea of attorney-client privilege, also as also discussed below.

Federal Rule of Civil Procedure 26(b)(5)(A) provides as follows:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Plaintiff notes that this Rule operates automatically and does not require the trigger of a request from an opposing party. It is undisputed that the Rule applies to communications that may be within the attorney-client privilege, as appears from the discussion below. The normal way that a party complies with the Rule is through a full and meaningful "privilege log".

In their production in response to discovery herein, Defendants have redacted a considerable number of documents. After the close of discovery, Defendants have stated that all redactions they have made and all documents they have withheld from production have been redacted or completely withheld based on a claim that the documents are protected from disclosure by the attorney-client privilege. Plaintiff assumes the correctness of this claim on Defendants' part.

There is no exception in the Rule for communications between attorney and client that occur after the filing of a lawsuit ("post-filing"). Nevertheless, recognizing that a privilege log for communications between attorney and client after a suit is instituted ("post-filing") may involve additional significant issues, Plaintiff does not seek the information required by the Rule as to post-filing communications. Further, Plaintiff does not seek to read any communications between Defendants and their attorneys that have occurred since this lawsuit began. This motion concerns only redacted documents or documents withheld in discovery that were created before

the filing of this action, where the basis of the redaction or withholding is a claim of attorney-client privilege. Further, as a matter both of good faith and of recognition of judicial economy, Plaintiff limits his request for compliance by Defendants with the Rule to those instances of redacted material as to which he has been unable reasonably to conclude, even without compliance by Defendants with the Rule, that Defendants are at least likely entitled to the privilege claimed.

As to the remaining documents redacted by Defendants, however, Plaintiff seeks to require Defendants to make a meaningful and full response to the requirement of the Rule, sufficient to allow Plaintiff "to assess the applicability of the privilege", as required by the Rule.

In this case Defendants initially ignored their responsibility under Rule 26(5)(b)(A). The provided no privilege log at all until after the close of discovery, and then only in response to Plaintiff's inquiry. Nevertheless, Plaintiff has tried to "work with" Defendants to obtain sufficient information to allow him to assess the propriety of Defendants' redactions on the ground of privilege. In this process, Defendants provided (on July 25, two weeks after the close of discovery) an extremely limited privilege log (later slightly supplemented, but not sufficiently to make it compliant with what the Rule requires), and as to some redactions Defendants have provided Plaintiff with additional information. A copy of Defendants' final privilege log, as obtained during the course of counsel's efforts to resolve this dispute between themselves, is attached hereto as Exhibit "B". Where the information provided has been sufficient to assure Plaintiff, at least to a reasonably high level of probability, that Defendants' invocation of the attorney-client privilege is justified, Plaintiff desists from further inquiry. In some cases, the process has been successful, but in the main Defendants have not provided adequate materials for this assessment to be made. Plaintiff has concluded that the apparent difference in opinion between Plaintiff's counsel and Defendants' counsel as to the extent of a party's duty under the Rule, makes it necessary to make

the present motion. Plaintiff believes that, as to some of the documents withheld or redacted by Defendants, it may be necessary to ask that the Court make an *in camera* inspection, but this cannot be determined until there has been meaningful compliance with the Rule. Plaintiff's counsel hereby certifies that he has corresponded with Defendants' counsel in an effort to resolve this dispute, but with only partial success.

Attached as Exhibit "A" is a compilation of documents redacted by Defendants as to which Plaintiff seeks compliance with the Rule. Because Defendants provided no numbering or other system of identification in their production, Plaintiff "bates stamped" Defendants' production in the sequence in which it was provided by Defendant, and provided Defendants with a copy of the result. On Exhibit "A" each redacted document as to which Plaintiff seeks more information, the numbered page is included along with the pages immediately preceding and following it in Defendants' production. The documents have been bates stamped by Plaintiff according to the order in which they were received by Plaintiff in production from Defendants.

The requirements of Rule 26(b)(5) were discussed at some length by District Judge Amy Totenberg of the Northern District of Georgia in the frequently cited case of *Meade v. General Motors, LLC,* 250 F. Supp.3d 1387 (N.D. Ga., 2017). *Meade* has been cited and applied in this Court. *Hodges v. Chatham County,* 2023 U.S. Dist. LEXIS 116020 (S.D.Ga., July 6, 2023, Ray, M.J.). *Rauback v. City of Savannah,* 2019 U.S. Dist. LEXIS 124025 (S.D. Ga., August 8, 2019, Ray, M.J.).

Rule 26(b)(5) was added to Rule 26 in 1993, with the obvious purpose of avoiding just the kind of dilemma that Plaintiff has been placed in by Defendants' failure to comply with it. It would be entirely unreasonable to require Plaintiff to guess concerning what has been redacted and why, and then to formulate an argument to this Court seeking to compel disclosure of

individual redacted documents on the basis of specific guesses about the applicability of the privilege claimed in each separate case.

Without access to compliance by Defendants with their burden as the parties claiming privilege, Plaintiff can only contend generally, and does so contend (1) that where redacted communications were distributed to persons within the Richmond County Sheriff's Office who are not the initial recipients of such communications, and are not persons who had a "need to know" what information was supplied to Defendants' counsel, what advice was asked of Defendants' counsel, and the content of the advice received from Defendants' counsel, or where redacted communications were distributed to third persons not employed in the Sheriff's Office, such additional distribution has waived the attorney-client privilege as to these documents; and in some cases the inclusion of Mr. .Frails or Ms. Haynes (counsel for Sheriff Roundtree and apparently for the Sheriff's Office) among the recipients appears to be merely incidental, so that the material was not privileged in the first place, and (2) under the circumstances of this case, the raising of the defense of qualified immunity by Defendants (Answer, Docket Item 20, "Third Defense") may have waived the privilege as to all communications otherwise claimed as privileged. Plaintiff believes, however, that his second contention, as to waiver because of a defense of qualified immunity, is not ripe at this time. Without going into citation, Plaintiff notes that it would under current law it only be under "extraordinary circumstances" that a defense of qualified immunity would have the effect of waiving the privilege, and that such a waiver would not become apparent until it appears that the qualified immunity claimed is somehow based on a claim of acting on advice of counsel. Plaintiff mentions this second ground of waiver only to preserve Plaintiff's right to file a motion *in limine* or other motion after the close of the motions

period if such becomes proper in light of contentions of any Defendant in support of a plea of qualified immunity.

Plaintiff does not seek to read any attorney-client communications made since the filing of this lawsuit. Such communications may well be subject to different considerations. Plaintiff contends, however, that certain communications between Defendants or other representatives of the Richmond County Sheriff's Office and members of the law firm of Frails & Wilson, prior to the filing of this case, should be provided to Plaintiff in unredacted form unless Defendants present a more detailed justification for their claim of attorney-client privilege. Even after such a privilege log has been compiled and presented by Defendants, Plaintiff frankly believes that an *in-camera* inspection of the redacted materials, or at least some of them, may be required, as was done in *Meade, supra.*

The basic law concerning attorney-client privilege in relevant respects is clear from decisions in this Court. All questions of attorney-client privilege in this case are governed by federal common law. *Hodges v. Chatham County,* 2023 U.S. Dist. LEXIS 116020 (S.D. Ga., July 6, 2023) (Christopher Ray, M.J.), at pp. 16 ff. Most importantly, Defendants have the burden of establishing that the communications they have redacted are entitled to the privilege. *Id.* Further, as this Court has noted, "the Eleventh Circuit has noted that this privilege is not absolute: it must be narrowly construed to be consistent with its intended purpose because it often 'serves to obscure the truth.'" *Jackson v. Dean,* 2013 U.S. Dist. LEXIS 107593 (S.D. Ga., July 25, 2013) (Moore, D.J.), at pp. 12-13. A rather detailed discussion of the limits of the privilege occurs in *Meade v. General Motors, supra,* especially at 250 F.Supp.3d 1391-1394, which because of its length Plaintiff refers to and incorporates herein.

Furthermore, "the burden of sustaining a claim of privilege is a 'heavy' one [citation omitted]. Privileges are neither 'lightly created nor expansively construed', for they are in derogation of the search for truth" [citation omitted]. Plainly, '[the] burden is not . . . discharged by mere conclusory or *ipse dixit* assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed. [citation omitted]. *Gibson-Carter v. Rape Crisis Ctr.,* 2020 U.S. Dist LEXIS 94424 (S.D. Ga., May 29, 2020, Baker, D.J.).

When the attorney-client privilege is claimed, the burden on the proponent of the privilege is not limited to showing that the communication may have been originally privileged. The proponent has the affirmative burden of showing that the privilege has not been waived. *United States v. Noriega,* 917 F.2d 1543, 1550 (11th Cir. 1990), noting the number of things that the claimant of the privilege must establish, including that "the privilege . . has been . . . not waived by the client."

In the case of a communication from a lawyer to a corporate client, this burden extends to a showing that no person who did not have a "need to know" of the information contained in the privileged communication has received it. In other words, the proponent of the privilege must show that all persons to whom an originally privileged communication was distributed had a legitimate "need to know" of the contents of the communication. More is required than simply noting a lawyer's name as one who has received an email, or on a distribution list. The fact, standing alone, that a lawyer is one of those to whom an email is directed, or that a lawyer is copied on an email, does not establish that the communication is entitled to the attorney-client privilege. *Meade v. General Motors, supra,* 250 F.Supp.3d at 1393.

In the case of a communication to or from a lawyer representing an individual, the justification of a claim of attorney- client privilege is comparatively simple. When, however, such communications occur in the context of a corporate client, the matter can be and usually is less simple, since a corporate client will in most cases involve more than one individual. In order to sustain the privilege when it has been questioned, the proponent of the privilege, who continues to have the entire burden of proof to show that its claim of attorney-client privilege, must show that a communication to a lawyer actually conveyed facts to the lawyer that were necessary to obtain, and for the purpose of obtaining, a legal opinion; and, in the case of communications from a lawyer, it must show that the communications are legal advice and have been distributed only to persons with a "need to know". The position of the sheriff of a Georgia county, and his office, is anomalous in the law, in that the Sheriff's Office is not a corporation or any kind of entity that can be sued as such. Plaintiff submits, however, that for purposes of determining matters pertaining to a claim of attorney-client privilege as to a communication directed to or from counsel for the Sheriff or the Sheriff's Office, the Office should be analogized to a corporation.

It is to be noted that on a claim of attorney-client privilege the party seeking to invoke the protection of the privilege bears the entire burden of establishing that the privilege should prevail. Frankly, the items below represent the minimum that Plaintiff believes he is entitled to in connection with Defendants' claims of privilege. It appears from the parties' correspondence that Defendants and Plaintiff have greatly differing view of what burden of explanation is placed on parties claiming the attorney-client privilege, such that Plaintiff has reluctantly concluded that these matters can be resolved only by court intervention.

Plaintiff moves the Court to order Defendants to comply with Rule 26(b)(5)(A), so that Plaintiff can fairly assess the applicability of the attorney-client privilege to the redacted or

withheld documents identified on Exhibit "A", and then, if the explanation provided by Defendants is not sufficient, to conduct an *in camera* of what remains in dispute.

This 25th day of August, 2023.

TURNER PADGET GRAHAM & LANEY, P.A.

/s/ Charles C. Stebbins, III
Charles C. Stebbins, III
Georgia Bar No.: 677350
Robert P. Mangum
Georgia Bar No.: 268222
PO Box 1495
Augusta, GA. 30903
(706) 722-7543
cstebbinsiii@turnerpadget.com
rmangum@turnerpadget.com
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

COMES NOW, the undersigned attorney for Steven Smith, Plaintiff in the above-captioned case, and certifies that on August 25, 2023 he electronically filed the foregoing **PLAINTIFF'S MOTION AND BRIEF TO REQUIRE DEFENDANTS' COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 26(b)(5(A)** with the Clerk's electronic filing system, which will automatically provide service to all counsel of record as follows:

> Frails & Wilson, LLC
> Tameka Haynes, Esq.
> thaynes@frailswilsonlaw.com

/s/ Charles C. Stebbins, III