IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| STEVEN SMITH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:22-cv-00149 |
| | ) | |
| AUGUSTA-RICHMOND COUNTY, | ) | |
|   GEORGIA; RICHARD | ) | |
|    ROUNDTREE, individually | ) | |
| and in his official capacity as | ) | |
| Sheriff of Richmond County, | ) | |
| Georgia; DEPUTY MARLON | ) | |
| SMITH, individually and in his | ) | |
| Official capacity as a sworn | ) | |
| Officer of the Richmond County | ) | |
| County Sheriff's Office; | ) | |
| Sheriff's Office; LIEUTENANT | ) | |
|   DANNY WHITEHEAD, | ) | |
| Individually and in his official | ) | |
| capacity as a sworn officer of the | ) | |
| Richmond County Sheriff's Office | ) | |
| and JOHN DOE DEFENDANTS | ) | |
| ONE THROUGH SIX, presently | ) | |
| unidentified to Plaintiff, each of | ) | |
| whom is sued individually and in | ) | |
| his capacity as a sworn officer | ) | |
| of the Richmond County Sheriff's | ) | |
| Office, | ) | |
|     Defendants. | ) | |

PLAINTIFF'S RESPONSE TO AND CONTROVERSION
OF DEFENDANTS'
STATEMENT OF ALLEGEDLY UNDISPUTED MATERIAL FACTS

A. Plaintiff's Response to Defendants' Local Rule 56.1 Statement

Under Local Rule 56.1, Defendants as the moving party for summary judgment must provide a "separate, short and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of law thereof." In apparently

1

intended fulfillment of this requirement, Defendants have provided a list of 27 allegedly material and undisputed facts, with no legal conclusions.

Local Rule 56.1 further provides that as the opposing party Plaintiff will be deemed to have admitted "all material facts set forth in the statement required to be served by the moving party", unless these "are controverted by a statement served by the opposing party". The Local Rule requires only (in this respect unlike the more elaborate local rule in the Northern District of Georgia) that the responding party controvert such of the moving party's statement as the responding party disagrees with.

In this case Defendants' Rule 56.1 statement is unusually deficient, such as to make it very difficult for Plaintiff to respond. Defendants' 27 numbered paragraphs mostly are either vague and ambiguous or contain very material misstatements of factual matters which appear to have resulted from a mistaken, rather than an alternative, reading of the Record. Plaintiff has done the best he can, in responding to the 27 numbered paragraphs of Defendants' statement, to do so in a way that is helpful to the process of deciding Defendants' motion.

Most of Defendants' statements are incomplete or irrelevant to the present motion. In fulfilling his obligation under Local Rule 56.1, Plaintiff does not admit the relevance or materiality of any of the facts stated by Defendants, deeming that this is not required of a non-moving party. Further, Plaintiff does not attempt a separate statement of material disputed or undisputed facts that Plaintiff believes compel denial of the motion, which Plaintiff also deems not required by the Local Rule. Plaintiff understands that the Court does not wish to have an argumentative or prolix response in Plaintiff's response to Defendants' 56.1 statement, but in the case of vague but negative statements, Plaintiff in some cases has no choice but to respond with particulars if he is adequately to present his response.

Finally, in discussing the material cited by Defendants as supporting the numbered paragraphs of their Local Rule 56.1 Statement, and particularly documents from the Richmond County Sheriff's Office, Plaintiff does not concede the relevance or admissibility of any such material in whole or in part. Plaintiff discusses the contents of all such materials, and especially that of RCSO documents, only for the purpose of responding to the Local Rule 56.1 Statement, without addressing their admissibility as business records or for any other reason.

### B. Plaintiff's Response to Defendants' Numbered Paragraphs

1. Plaintiff does not dispute Defendants' Paragraph 1.

2. Plaintiff does not dispute Defendants' Paragraph 2.

3. Plaintiff does not dispute Defendants' Paragraph 3 as a general proposition, but Plaintiff notes that the statement in this paragraph is vague and ambiguous.

4. Plaintiff contraverts Defendants' Paragraph 4, which is vague, ambiguous and misleading. Defendants cite their Exhibits A, B and C in support of their assertion in this Paragraph 4. There is no way Plaintiff can demonstrate the essential falsity of Defendants Paragraph 4 except by at least a summary analysis of Defendants' allegedly supporting exhibits.

Defendants' Exhibit A is a compilation of incident reports from RCSO records, evidencing eleven calls for police assistance in total during the six-year period, ranging in date from November 30, 2016 through July 21, 2022. It should be noted that only a very few of these resulted in any charges being filed by the RCSO, none were the basis of warrants sworn out, and none has resulted in a conviction of Plaintiff for any violation of any law whatsoever. Neither Plaintiff nor anyone else has ever been found guilty of any violation of law in activities in front of the Abortion Facility.

With respect to the eleven incidents, the reports comprising Exhibit A show that five emanated from employees of the Abortion Facility (but none of these involved excessive noise),

3

one emanated from an individual who may be inferred to have been a patron of the Abortion Facility; two emanated from unidentified persons whose relationship to the Abortion Facility (if any) cannot be inferred from the reports; two (including the first) complaining of allegedly excessive noise and emanating from Thomas Burnside, Esq., who operates a law office from a building he owns adjacent to the Abortion Facility property (and whose significance in this action will be addressed at some length in Plaintiff's Response Brief submitted herewith); and one from "the office" of another neighboring lawyer (Frank Askew) complaining of allegedly excessive noise.

Exhibit A contains much of relevance to the origin and nature of the harassment carried out by the RCSO over the six-year period in question, but Plaintiff deems that the discussion of this matter is not appropriate in this response to Defendants Local Rule 56.1 statement.

Exhibit B consists of an email letter from an employee of the Abortion Facility who is not based in Augusta and seldom visits the premises, apparently attempting with hearsay and mistaken statements to characterize the peaceful situation in front of the Abortion Facility as a threat to public order (although Defendants make no such claim in their Brief).

Exhibit C consists of email traffic between Mr. Burnside and the RCSO concerning allegedly excessive noise in front of the neighboring Abortion Facility.

It should be noted that the only justification offered or attempted by Defendants for the New Ordinance which Plaintiff seeks to have declared unconstitutional and enjoined, is the protection of the patients of the Abortion Facility from "noise" (more correctly characterized as preaching, offers or counseling or protesting, as discussed in Plaintiff's Response Brief). As discussed at length in Plaintiff's Response Brief, the alleged danger to patients of noise outside the Abortion Facility is the only basis on which Defendants even attempt to justify the restriction on

4

free speech represented by the New Ordinance. Defendants do not claim that the New Ordinance was intended for the protection of neighboring property owners.

5. Plaintiff contraverts Defendants' Paragraph 5. Plaintiff agrees that the RCSO has received five "complaints" in total from employees of the Abortion Facility. Two of these have alleged trespasses onto the Abortion Facility's property, but none of these have actually involved any such trespassing. One referred to signs temporarily placed by Plaintiff on the public right of way adjacent to the APWHC premises, but not affixed to any property of APWHC. Plaintiff specifically denies that he has trespassed on the property of APWHC, except Plaintiff admits that on two occasions, over the course of six years, he inadvertently stepped onto the edge of APWHC's parking lot, once in an effort to hand a pamphlet to a father who asked for one, Plaintiff denies specifically that he has affixed signs to a sign or trees belonging to APWHC, and that he has affixed signs to any sign or tree on the county right of way. Plaintiff admits that he has occasionally secured signs temporarily to bungee cords roped around trees, but notes that he has ceased that practice ever since he was told by a sheriff's deputy to do so.

6. Plaintiff does not dispute Defendants' Paragraph 6 insofar as it simply refers to the text of that portion of the Zoning Ordinance which appears on Exhibit D to Defendants' motion for summary judgment. The only portion of the ordinance appearing on Exhibit D that could have any relevance to the present case is 28-B-5(B), referring to "signs attached to trees . . . [or] utility poles . . ." Plaintiff shows that he has not violated this provision and that there is no evidence that he has.

7. Plaintiff contraverts Defendants' Paragraph 7, to the extent that it implies that in fact Plaintiff yells, that the volume of Plaintiff's speech is excessively loud, or that Plaintiff's activities, or those of any other protestor so far as Plaintiff has observed in six years, disrupts Mr. Burnside's

5

business.  To the extent that Mr. Burnside's claims imply violations of law by Plaintiff, they are shown to be baseless by Mr. Burnside's own deposition testimony.  This matter is addressed in Plaintiff's Response Brief submitted herewith.

8. Plaintiff contraverts Defendants' Paragraph 8.  Plaintiff agrees that deputies are dispatched as stated, but the deputies have cited Plaintiff without probable cause and in one case have arrested Plaintiff without probable cause and without a warrant, holding him illegally for many hours.

9. Plaintiff does not dispute Defendants' Paragraph 9 insofar as it states that Deputy Soosaipillai came to the Abortion Facility premises on May 16, 2020, but Plaintiff shows that this was not in response to a call from an employee of APWHC.  Plaintiff shows further that after arrival at the scene Deputy Soosaipillai called a representative of AWPHC who was not in Augusta and solicited a complaint from that person regarding Plaintiff's signs lawfully on the county right of way.   Plaintiff shows that the referenced portion of Defendants' Exhibit A is a narrative written by Deputy Soosaipillai regarding an unspecified "noise complaint", but the narrative shows that Deputy Sossaipillai "was not able to hear any noises."

10. Plaintiff does not dispute Defendants' Paragraph 10 to the extent that it says that in the incident referenced in Defendants' Paragraph 9, Deputy Soosaipillai responded to investigate but did not cite or arrest Plaintiff.  Plaintiff also does not dispute that Deputy Soosaipillai informed Plaintiff that he should not be affixing signs to the APWHC or to the trees in the right of way and that he "could" be charged with criminal trespass for so doing.   Plaintiff also admits that Deputy Soosaipillai informed him that Plaintiff would be charged with trespassing if he continued to unlawfully hang his signs, but Plaintiff shows further that his placing of his signs was not unlawful and that in any case, in an excess of caution, Plaintiff desisted even from this activity after having

6

been "warned" by Deputy Soosaipillai.   Plaintiff further shows that Defendants' Paragraph 10 does not incorporate everything said by Deputy Soosaipillai in his narrative at the cited pages of Defendants' Exhibit A, which therefore does not require contraversion herein, but Plaintiff notes that he does dispute other portions of the narrative.

11.  Plaintiff does not dispute Defendants' Paragraph 11, but Plaintiff points out that he and Mr. Sheffer were not harassing the unidentified visitor and that Deputy Soosaipillai did not charge Plaintiff or Mr. Sheffer with any offense after investigating.

12.  Plaintiff does not dispute Defendants' Paragraph 12.

13.  Plaintiff contravert Defendants' Paragraph 13.  Plaintiff admits that at this time Plaintiff had placed a sign temporarily leaning against some bushes on the Mayo property, but at that time he was not trespassing, because he had never been told not to do this.  At this point Plaintiff had never been told by the Mayos not to come onto their property.  Plaintiff believed himself to be on friendly terms with the Mayos and indeed had come onto their property at times to assist them by returning garbage cans to their proper location and to notify them, at their request, of improper parking in their parking lot, since Plaintiff was so frequently present and able to advise when Abortion Facility patrons came into and used the Mayos' parking lot.

14.  Plaintiff contravenes Defendants' Paragraph 14, because there were no signs affixed to APWHC's sign.

15.  Plaintiff contraverts Defendants' Paragraph 15.  No employee of APWHC witnessed Plaintiff's trespassing on APWHC property.  Plaintiff did not trespass on APWHC's property.  There is no admissible evidence whatsoever that Plaintiff trespassed on the property of APWHC, and Deputy Smith either knew or should have known that this did not occur.

16. Defendant does not contravert Defendants' Paragraph 16, to the extent that it says that Deputy Smith responded to the call on November 20, 2020, spoke to an employee and viewed a video, but Plaintiff contraverts the statement that the video showed Plaintiff on APWHC property. Plaintiff notes that neither the RCSO or APWHC under subpoena has produced the alleged video, and Deputy Smith's body camera, which includes a brief glimpse of the APHWC video, now mysteriously unavailable, not only does not show Plaintiff trespassing on the property, but also strongly suggests that the employee made it clear to Deputy Smith that Plaintiff did not trespass as alleged in this paragraph.   Deputy Smith knew or should have known that Plaintiff had not trespassed as alleged.

17. Plaintiff contraverts Defendants' Paragraph 17.  Deputy Smith arrested Plaintiff without probable cause and without a warrant.  Deputy Smith then tried, hours later, to remedy the lack of a warrant by executing an affidavit and obtaining a warrant long after Plaintiff had been arrested and held for several hours.

18. Plaintiff does not dispute Defendants' Paragraph 18.

19. Plaintiff does not dispute Defendants' Paragraph 19, except to note that APWHC's employee claimed that Plaintiff was trespassing on APCWC's property, which was soon determined to be false as admitted by Defendants' Paragraph 20. Earlier on the same day, Deputy Timothy Smith told Plaintiff that he could put his own signposts in the right of way and put signs on the posts. Plaintiff also notes that on another occasion, Deputy Whelchel told a pro-abortion protester that she could lean signs against Plaintiff's signs.

20. Plaintiff does not dispute Defendants' Paragraph 20, but Plaintiff shows further that his inadvertent trespass on adjoining property, not APWHC property, occurred when he stepped briefly onto the Mayo property to take a picture of the auto tag of Mr. David Hood, an employee

8

of APWHC who had destroyed Plaintiff's signs on the county right of way in the past and who seldom visits the Abortion Facility.  Deputy Smith had told Plaintiff earlier that Plaintiff was entitled to leave a signpost in the right of way, which he did, and Hood had removed it.

21.  Plaintiff does not dispute Defendants' paragraph 21, except that Plaintiff shows that the words "loud noise" are vague and ambiguous, and Plaintiff does not agree that he was excessively loud or acting in violation of the New Ordinance.  Also, Plaintiff shows that the referenced pages from Defendant Whitehead's deposition do not concern this incident. The pages from Defendant Whitehead's Deposition do not refer to an incident on June 28, 2022, but rather to an incident that occurred on September 18, 2020, almost two years earlier.  Plaintiff believes, from the content of Defendants' Paragraphs 22 through 27, discussed below, that Plaintiff has confused and conflated the incident on September 18, 2020 with that on June 28, 2022.

22.  Plaintiff does not dispute Defendants' Paragraph 22, assuming that it refers to the incident of June 28, 2022.

23.  Plaintiff does not dispute Defendants' Paragraph 23, except that Plaintiff does not agree that he was in fact "being loud and disturbing their business" and does not agree to matter stated in the referenced deposition pages which is not stated in Defendants' Paragraph 23. Blackweell? Timing?

24. Plaintiff contraverts Defendants' Paragraph 24, in that the supposed video shown by Mr. Burnside to Lt. Johnson has not been produced, as it should have been if it exists, either by the RCSO or by Mr. Burnside under subpoena.  Plaintiff also notes that the testimony of Mr. Burnside on deposition refutes any idea that the video could have shown that Plaintiff was "being loud and yelling" to any extent that would violate the New Ordinance.

25. Plaintiff does not dispute Defendants' paragraph 25, but Plaintiff shows that he demanded a jury trial, that the case was transferred to the State Court of Richmond County, and that the Office of the Solicitor of the State Court and that after receiving correspondence from Plaintiff's counsel the Office of the Solicitor of the State Court declined to prosecute the case. Plaintiff was never arraigned and no further action was taken. Although the prosecution has been abandoned, Plaintiff has never been informed that it has been dismissed.

26. Plaintiff controverts Defendants' Paragraph 26. There was no visit from Captain Whitehead to the scene on the date of the incident referenced in Defendants' Paragraphs 21-25. The referenced pages from the Whitehead Deposition refer to a prior incident on September 18, 2020. Lt. Johnson was not involved in the prior incident, when a citation was issued to Plaintiff for violating the Old Ordinance, not the New Ordinance in effect in 2022. Plaintiff discusses the September 18, 2020 incident at length in his Response Brief. Plaintiff notes that if this part of this paragraph is intended to refer to the incident of September 18, 2020, it is factually incorrect.

27. Plaintiff controverts Defendants' Paragraph 27. This did not occur in connection with the incident of June 28, 2022. Something like it occurred at the incident of September 18, 2020, but Defendant's only stated reason for ordering (not "asking") Plaintiff to "leave the area" was that Plaintiff had been cited previously on the same day for violating the Old Ordinance. However, Plaintiff did not violate the Old Ordinance even if it had been constitutional, which it was not.

FURTHER STATEMENT

Plaintiff is not obliged by Rule 56.1 to provide by separate statement a list of material facts that he considers to be disputed in this matter or otherwise to support his case. Nevertheless, he does make the following statements in connection with his contraversion of Defendants' alleged facts above:

1. There is no admissible evidence whatsoever anywhere in the Record herein that Plaintiff has ever violated any noise ordinance of Augusta, Georgia.

2. Plaintiff has never been convicted of any violation of law (noise ordinance or otherwise) arising from his counseling, preaching or "protesting" at or near the Abortion Facility.

3. The evidence in the Record requires the conclusion that Captain Whitehead threatened Plaintiff with arrest without a warrant and without probable cause, causing Plaintiff to be deprived of his constitutional rights.

4. The evidence in the Record requires the conclusion that Deputy Smith arrested Plaintiff and took him into custody without a warrant and without probable cause, by reason of which Plaintiff was falsely imprisoned for over six hours in violation of his constitutional rights.

The above statements cannot reasonably be disputed by Defendants.

TURNER PADGET GRAHAM & LANEY, P.A.

/s/ Charles C. Stebbins, III
Charles C. Stebbins, III
Georgia Bar No.: 677350
Robert P. Mangum
Georgia Bar No.: 268222
PO Box 1495
Augusta, GA. 30903
(706) 722-7543
cstebbinsiii@turnerpadget.com
rmangum@turnerpadget.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

COMES NOW, the undersigned attorney for Steven Smith, Plaintiff in the above-captioned case, and certifies that on September 12, 2023 he electronically filed the foregoing **PLAINTIFF'S RESPONSE TO AND CONTROVERSION OF DEFENDANTS' STATEMENT OF ALLEGEDLY UNDISPUTED MATERIAL FACTS** with the Clerk's electronic filing system, which will automatically provide service to all counsel of record as follows:

> Frails & Wilson, LLC
> Tameka Haynes, Esq.
> thaynes@frailswilsonlaw.com

/s/ Charles C. Stebbins, III