IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| STEVEN SMITH,           )<br>            Plaintiff,           )<br>                                  )<br>v.                                 )<br>                                  )<br>AUGUSTA, GEORGIA; RICHARD     )<br>     ROUNDTREE, individually      )<br>     and in his official capacity as )<br>     Sheriff of Richmond County,    )<br>     Georgia; DEPUTY MARLON      )<br>     SMITH, individually and in his  )<br>     Official capacity as a sworn    )<br>     Officer of the Richmond County )<br>     County Sheriff's Office;        )<br>     Sheriff's Office; LIEUTENANT  )<br>      DANNY WHITEHEAD,           )<br>     Individually and in his official  )<br>     capacity as a sworn officer of the )<br>     Richmond County Sheriff's Office )<br>     and JOHN DOE DEFENDANTS   )<br>     ONE THROUGH SIX, presently   )<br>     unidentified to Plaintiff, each of )<br>     whom is sued individually and in )<br>     his capacity as a sworn officer   )<br>     of the Richmond County Sheriff's )<br>     Office,                             )<br>            Defendants.            ) | CIVIL ACTION NO. 1:22-cv-00149 |

PLAINTIFF'S RENEWED AND MODIFIED MOTION
REGARDING REDACTED DOCUMENTS

On July 25, 2023, two weeks after the close of the extended discovery period in this action, Defendants provided Plaintiff with a privilege log purportedly for materials which had been previously provided in redacted form to Plaintiff in discovery without any privilege log or any indication of the reason for the redactions. Defendants were obliged by the Federal Rules of Civil Procedure, Rule 26(b)(5)(A) to provide a privilege log at the time of their response to Plaintiff's request for production of documents without waiting for any request from Plaintiff for such, but

did not do so.  When no privilege log materialized, Plaintiff requested one from Defendants during the discovery process.  Finally, on July 25, 2023, two weeks after the close of the extended discovery period, Defendants filed a partial and inadequate privilege log.  On August 25, 2023, 2023, after unsuccessful efforts to obtain more information from Defendants informally, Plaintiff filed his Motion to Require Defendants' Compliance with Federal Rule of Civil Procedure 26(b)(5)(A) (the "Original Motion"),  Dkt Item 49, seeking information sufficient to allow a determination of the propriety of  many redactions and the identity of any documents withheld by Defendants from discovery on the basis of attorney-client privilege without any notice of their existence.  Before the time provided by the Local Rules of this Court for response from Defendants to this motion, Magistrate Judge Epps held a telephone hearing on the motion, at which time the parties agreed to a timetable for possible informal resolution of the issue raised by the motion.  This process has resulted in the resolution of the dispute as to some redacted documents, but considerable questions remain as to others.  Magistrate Judge Epps set a deadline of September 29, 2023 by which Plaintiff should present to the Court for determination any matters that have not been resolved by the informal process established at the telephone hearing.

     As a result of the above, Plaintiff now modifies the relief requested in his motion to the following:

     1. that Defendants be compelled immediately to provide Plaintiff with unredacted copies of all documents enumerated in Section 4(a) of Plaintiff's supplemental brief filed herewith;

     2.  that the Court conduct an *in-camera* inspection of the documents enumerated in Section 4(b) of said new brief in accordance with the procedure respectfully requested by Plaintiff in said new brief, and for further relief as discussed in said Section 4(b) of said new brief as may be indicated as a result of *in-camera* inspection;

  3. that Defendants be compelled immediately to provide Plaintiff with unredacted copies of the documents enumerated in Section 4(c) of said new brief;

  4. that Defendants be compelled to provide an unequivocal answer to each of the questions enumerated in Section 4(d) of said new brief; and

  5. that Defendant be required to pay Plaintiff a reasonable attorney's fee for analyzing Defendants' redactions and various iterations of their privilege log and for researching and presenting Plaintiff's Motion to Require Compliance with Federal Rule of Civil Procedure 26(b)(5)(A) (Dkt Item 46) and the present motion and accompanying brief.

  Plaintiff submits herewith his supporting brief.

              TURNER PADGET GRAHAM & LANEY, P.A.
              /s/ Charles C. Stebbins, III
              Charles C. Stebbins, III
              Georgia Bar No.: 677350
              Robert P. Mangum
              Georgia Bar No.: 268222
              PO Box 1495
              Augusta, GA. 30903
              (706) 722-7543
              cstebbinsiii@turnerpadget.com
              rmangum@turnerpadget.com
              *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      COMES NOW, the undersigned attorney for Steven Smith, Plaintiff in the above-captioned case, and certifies that on September 29, 2023 he electronically filed the foregoing **PLAINTIFF'S RENEWED AND MODIFIED MOTION REGARDING REDACTED DOCUMENTS** with the Clerk's electronic filing system, which will automatically provide service to all counsel of record as follows:

      Frails & Wilson, LLC
      Tameka Haynes, Esq.
      thaynes@frailswilsonlaw.com

                                         /s/ Charles C. Stebbins, III