IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| STEVEN SMITH,<br><br>   Plaintiff,<br><br>vs.<br><br>AUGUSTA-RICHMOND COUNTY, GEORIGA; RICHARD ROUNDTREE, individually and in his official capacity as Sheriff of Richmond County, Georgia; DEPUTY SMITH, individually and in his official capacity as a sworn officer of the Richmond County Sheriff's Office; MAJOR KEVIN JONES, individually and in his official capacity as Commander of the Charlie Webster Detention Center operated by the Richmond County Sheriff's Office; LIEUTENANT DANNY WHITEHEAD, individually and in his official capacity as a sworn officer of the Richmond County Sheriff's Office; and JOHN DOE DEFENDANTS ONE THROUGH SIX;<br><br>   Defendants. | CASE NO.: 1:22-CV-149 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS REGARDING REDACTED DOCUMENTS**

COME NOW Defendants and file this Response to Plaintiff's Motion and Renewed Motion (Docs. 46, 61), showing the Court the following:

**ARGUMENT**

**I.     Defendants' Failure To Respond To Plaintiff's Email Was Inadvertent.**

Defendants admit that Attorney Frails did not reply to Plaintiff's email transmitted on September 15. However, the non-response was not intentional but an inadvertent

1

oversight. The oversight occurred due to unexpected office emergencies while other attorneys assigned to this case were away from the office. Defense Counsel is well aware of the obligation to comply with the Court's scheduling order and in all other respects has complied. Defense Counsel's oversight was not due to any intentional disregard of the Court's order. In response to Defendants' oversight, Plaintiff never followed up with an additional phone call or e-mail request to determine the cause of the non-response to his September 15 email, but he instead resorted to filing his renewed motion regarding redacted documents. A simple phone call or follow up email by Plaintiff could have avoided the necessity of filing this renewed motion. Additionally, in section II.e. below Defendants respond to Plaintiff's questions, which request information that was already known to Plaintiff.

**II.    Defendants' Emails Are Protected From Disclosure To Plaintiff By Attorney-Client Privilege.**

Federal Rule of Civil Procedure 26(b)(5)(A) provides that if otherwise discoverable information is withheld, the party must expressly make the claim and describe the documents without revealing the privileged information. Plaintiff argues that Defendants' emails are not protected by attorney-client privileged and should be disclosed to Plaintiff. Plaintiff has essentially argued that Defendants have failed to provide enough information to enable him to access the applicability of attorney-client privilege to the emails. However, Defendants have provided Plaintiff with the recipients, senders, dates, title, and subject matter of each email. All of the emails contain legal advice or requests for legal advice regarding the title and subject of each email. It is unclear what additional information Plaintiff seeks but providing further information would only act as a waiver of the very privilege Defendants are invoking.

### a. Sheriff Roundtree can forward legal advice received from his attorneys to his employees without any waiver of attorney-client privilege.

Plaintiff argues that because communications between Sheriff Roundtree and Attorney Frails were forwarded to other RCSO employees, any attorney-client privilege has been waived because those employees did not "need to know" to legal advice. *See* Doc. 61-1, p. 13.  In support of this position, Plaintiff cites to a case which states that a communication loses its protection if its "disseminated beyond the group of corporate employees 'who have a need to know in the scope of their corporate responsibilities'." *Baines v. City of Atlanta*, *5 (citing *In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d 789, 796 (E.D. La. 2007)).  However, Plaintiff fails to cite any cases that used this standard to hold that privilege is waived if legal advice is disseminated within a workplace to various employees.

Courts have stated that attorney-client privilege applies to all employees with regard to matters within the employee's duties.  *Upjohn Co v. U.S.*, 449 U.S. 383, 394 (1981).  In *Upjohn*, the Supreme Court overturned a lower court ruling that attorney-client privilege only extends to control group or senior management employees. *Id.* at 397. Courts have also held that privileged communications can be forwarded to management and executive level employees without any waiver of privilege because those persons by virtue of their positions have a "need to know" legal advice given to the corporation. *Scoggins v. Floyd Healthcare* Mgmt., No. 4:14-CV-0274-HLM-WEJ, 2016 U.S. Dist. LEXIS 196848 (N. D. Ga. Mar. 28, 2016).  "Management personnel should be able to discuss the legal advice rendered to them as agents of the corporation." *Id.* at *9-10 (citing *McCook Metals LLC v. Alcoa, Inc.*, 192 F.R.D 242, 254 (N.D. Ill. Mar. 2, 2000)).  Courts have also held that privileged communications can be forwarded to employees

3

authorized to speak for the company. *In re Mentor Corp*, 632 F. Supp. 2d 1370, 1380 (M. D. Ga. Jul. 9, 2009) (citing *FTC v. GlaxoSmithKline*, 294 F.3d 141, 147 (D.C. Cir. 2002)). Lastly, courts have held that communications can be forwarded to employees to apprise them of legal advice so they can act appropriately. *US ex rel Baklid-Kunz v. Halifax Hosp.*, No. 6:09-cv-1002, 2012 U.S. DIST. LEXIS 158944, *13 (M.D. Fl. Nov. 6, 2012). "Confidentiality is not destroyed in the corporate context so long as privileged documents are transmitted between non attorneys to relay information requested by attorneys or so that the corporation may be properly informed of legal advice and act appropriately." *In re Mentor Corp.* at 1381 (citing *Santrade, Ltd. v. Gen. Elec. Co.,* 150 F.R.D. 539, 545 (E.D.N.C. 1993)(internal quotation marks omitted)).

Here, Plaintiff claims that the employees who were forwarded Attorney Frails' email concerning the noise ordinances did not "need to know" because they are not directly involved in enforcement of noise ordinances. However, Command Staff employees are equivalent to executive level employees of a corporation, and courts have clearly held that those employees need to know even if they are not directly responsible for the legal issue being discussed. As Plaintiff's Exhibit indicates, the Command Staff is responsible for "overall operations" and are "accountable for the day-to-day operational and policy decision making" of the Sheriff's Office. Doc. 61-5. Further, most members of Command Staff and other employees who may have received the subject email such as Walter Ashley, Jeff Johnson, Chad Mullis, Tracy Center, William McCarty, Kimberly Lee, and Caleb Lee are certified officers. Thus, it is within the officers' job duties to enforce the noise ordinance and any other laws. Most RCSO employees would need to know information about enforcement of the noise ordinance so that they could "act appropriately" except possibly clerks and jailers who are not certified officers and who are

4

not involved in the law enforcement functions of the RCSO.  Thus, attorney-client privilege has not been waived by dissemination of any legal advice to employees at the RCSO.

> **b. Communications between Attorney Haynes and RCSO employees do not lose their privilege simply because the communications may relate to Plaintiff.**

With regard to emails between Attorney Haynes and Sergeant Caleb Lee or Lieutenant Kimberly Lee, Plaintiff inexplicably argues that these emails must refer to advice about what "documents exist and must be produced by Defendants" in response to Plaintiff's discovery requests or open records requests.  Thus, Plaintiff argues that the emails are not privileged.  Plaintiff describes emails that would very obviously be privileged and contain legal advice.

Regarding the Sgt. Lee emails, the emails could not have related to discovery in this matter since they preceded this action.  The emails are from June and August of 2022, but Plaintiff's complaint was filed on November 18, 2022.  As stated on Defendant's privilege log, the emails contain legal advice on the requirements of the Open Records Act and legal advice on a threatened lawsuit.  Plaintiff has no reason to believe the emails discuss "missing documents."  To the extent Plaintiff is claiming that the RCSO did not maintain certain documents and did not provide them in response to any open records request, none of that is relevant to this case or Defendants' claim of privilege. Defendants are unable to fully address these arguments as Plaintiff has not provided copies of any open records requests and responses to which he refers.  Further, Plaintiff has not stated any claim under the Open Records Act.  Thus, Defendants would have no reason to bring up "advice of counsel regarding what documents are required by law or practice to be maintained by the RCSO."  Additionally, even if anything Plaintiff argues is true, it does

not mean that these emails are not privileged. It simply means that Defendants could waive the privilege if necessary to respond to any future allegations about missing documents that Plaintiff wants to make.

With regard to emails between Attorney Haynes and Lt. Kimberly Lee, Plaintiff's most recent brief is the first occasion upon which Plaintiff has objected to Defendants' claim of privilege. Plaintiff's original motion did not refer to these emails. *See* Doc. 46-1. The only email involving Kimberly Lee referenced in Plaintiff's initial motion was the Sheriff's email that was forwarded to her and discussed above. Thus, Defendants have had no reason to provide any additional information regarding these emails, and it is unclear why Plaintiff is referring to these emails as if he recently obtained new information. To the extent Plaintiff does not have the redacted emails with headings, they are hereby provided. Exhibit A. There were two sets of emails between Attorney Haynes and Lt. Lee referenced in Defendants' initial privilege log. One set was from December 2020 and the above arguments applicable to Sgt. Caleb Lee's emails also apply to these emails as well. The other emails are from December 2022, and they clearly concern this lawsuit. Plaintiff has argued that he is not seeking access to documents generated after this action was filed, and these emails clearly fall within that category. All emails between Attorney Haynes and Lt. Lee or Sgt. Lee are protected by attorney-client privilege. Plaintiff posits but provides no support for his argument that the subject matter of the emails somehow exempts them from privilege.

### c. Defendants' other redacted emails are protected by attorney-client privilege.

Plaintiff argues that an email from Augusta employee Terrance Wynder to Augusta Attorneys Wayne Brown and Samuel Meller is not subject to attorney-client privilege

6

because it is unclear why the other people copied on the email need to know the information. However, it is quite clear from the email string why those people are copied and why they need to know. Exhibit B. It was Mr. Hood, an employee of APWHC where Plaintiff protests, who included the employees and Commissioner Frantom on his initial email seeking assistance from Augusta. Exhibit B, p.12. As Mr. Wynder was attempting to address an issue first brought up by Mr. Hood, all employees would have a need to know in case Mr. Hood addresses further related concerns or questions to those employees, which he in fact does do. *See e.g.* Exhibit B, p. 1, 10.

With regard to Commissioner Frantom, Defendants assume Mr. Hood included him because he represents District 7 where APWHC is located. Commissioner Frantom would need to know the legal issues brought up by Mr. Wynder because it is clear from Defendants' entire email production that Mr. Hood believes he has an ongoing issue and may reach out to Commissioner Frantom again for assistance. Cara Delaney is the Director of Augusta's Planning and Development Department, and Donna Tyra is also a Planning Department employee. As Defendants previously explained to Plaintiff and as evident from the email string, those employees deal with the issues discussed in the emails. Signs and code enforcement are within the purview of the Planning Department. Plaintiff incorrectly argues that Ms. Tyra questions why she is included on the email. In the email, Ms. Tyra only wonders why Mr. Wynder and Ms. Delaney are not also included on the email; at no point does she question her inclusion on the email string. Exhibit B, p. 11. With regard to Cindy Ashley, it is also clear from the emails that she is an employee of the Marshal's Office who is involved in enforcing Augusta's ordinances. Exhibit B, p. 12-13. Similarly, Paul Johnson is a lieutenant with the RCSO who works in the area where APWHC is located. Exhibit B, p.10. Plaintiff was provided this entire email string such

that all of this information was discernable from the emails. *See* Exhibit B. Augusta's Law Department not only represents Augusta, Georgia but also works with the RCSO, and Plaintiff has named Augusta and Sheriff Roundtree as Defendants in this action. This email is protected by the attorney-client privilege of Augusta and the RCSO. Thus, Plaintiff should not have access to Mr. Wynder's email. Every person included on the email has a need to know the information such that the email is subject to attorney-client privilege.

With regard to R-2245, as previously explained to Plaintiff, many of the emails are duplicates because some emails were responsive to multiple specific search requests in Plaintiff's discovery. The email on page R-2245 is the same email on R-2248, R-2250, and many other pages. It was in fact provided to Plaintiff with headings unredacted and it appears on the privilege log. *See* Doc. 61-1, p. 22.

### d. It is unclear what other documents Plaintiff now takes issue with for the first time, which are protected by attorney-client privilege.

From Defendants' understanding, the Parties have only been concerned with the emails specifically referenced in Plaintiff's initial motion. (Doc. 46-1). Plaintiff now appears to take issue with Defendants' assertion of attorney-client privilege with regard to other emails. Of course, Defendants have made no efforts to provide any information about these other emails to Plaintiff because Plaintiff never asked Defendants about them. As required by the Court, Defendants provided more information about their claims of privilege only for the emails referred to in Plaintiff's initial motion, which are highlighted on the supplemental log. Doc. 61-2. The supplemental log only contains one email that was inadvertently left off the original privilege log, which is the Wynder email discussed above. Because Plaintiff's brief seems to be missing information regarding the specific

entries to which he now takes issue with, Defendants will address each email on the log that precedes Plaintiff's lawsuit and which Plaintiff has not previously raised an issue about:

1. 5/12/21 email from Patrick Clayton to Randolph Frails et al. – This entry appears on the privilege log twice, and the email was already provided to Plaintiff multiple times. *See* Doc. 61-1, p.1.

2. 6/28/22 emails between Randolph Frails and Patrick Clayton – These entries appear on the privilege log twice and Plaintiff was provided with redacted copies. *See* Doc. 61-1, p. 6.

3. 1/12/22 email from Danny Whitehead to Patrick Clayton et al. – This email was already provided to Plaintiff multiple times. *See* Doc. 61-1, p. 5.

4. 3/27/20 emails between Patrick Clayton, Mike D'Amico, Calvin Chew, and Randolph Frails. As this is the first instance that Plaintiff has asked about these emails, the redacted emails with headings are hereby provided. Exhibit C. These emails contain requests for legal advice regarding the noise ordinance.

5. 3/10/20 email from Patrick Clayton to Randolph Frails and Mike D'Amico. The log contains a typo as Defendants are not in possession of any emails dated March 10, 2020. The email is actually dated March 19, 2020. Plaintiff has a redacted copy of the email. *See* Doc. 61-6, p. 3.

6. 3/23/20 email from Randolph Frails to Wayne Brown, Patrick Clayton, and Tameka Haynes. As this is the first instance that Plaintiff has asked about this email, the redacted email with headings is hereby provided. Exhibit D. This email contains legal advice regarding the noise ordinance.

7. 3/19/20 email from Patrick Clayton to Randolph Frails and Mike D'Amico. This

9

is the same email as # 5 above.

Assuming that Plaintiff's issue is that multiple people are copied on the emails, Defendants' arguments above about Command Staff also apply to these emails. Chief Patrick Clayton, Colonel Calvin Chew, and Captain Mike D'Amico were Command Staff members, and their communications with Attorneys Frails, Haynes, and Brown should be protected by attorney-client privilege. Further, it is abundantly clear that those employees had a need to know the information. It was within their job duties to deal with noise ordinance issues as evidenced by their discussions in various emails that Plaintiff was provided, which is also clear from the fact that they are requesting legal advice. The other emails on the log are dated after Plaintiff filed this action and clearly relate to this action. Plaintiff has specifically stated he is not seeking access to those emails. Doc. 61, p. 2. Thus, there are no additional documents that should be provided to Plaintiff in unredacted form.

### e. Plaintiff's questions are not reasonable because Plaintiff already has access to the requested information.

Defendants were only asked to provide additional information to Plaintiff that they deemed reasonable. Plaintiff's questions largely seek information that has already been provided to him, making his questions entirely unreasonable. However, Defendants hereby answer the questions as follows:

1. It is unclear what information Plaintiff is seeking. The duplicates are clear from looking at Doc. 46-1 and Doc. 61-2. Page numbers are provided on the log, and Defendants even wrote some of Plaintiff's bates numbers on its production. *See* Doc. 61-1.

2. Again, it is unclear what additional information Plaintiff is seeking. Plaintiff

10

has both privilege logs. A comparison of the two logs shows that only the last entry was added to the supplemental log.

3. Again, it is unclear what additional information Plaintiff is seeking. Plaintiff was provided with copies of the redacted emails.

4. Yes, we agree that the people indicated would have been recipients of emails sent to the Command Staff. As previously explained to Plaintiff there has been a small amount of turnover, but Command Staff would have been roughly the same people at the time the emails were sent. *See* Doc. 61-3.

5. The identity of Kimberly Lee is evident from multiple emails provided to Plaintiff containing her information and from the link identifying the Command Staff that was provided to Plaintiff. It is clear that she was a sergeant in the Office of Professional Standards and Training handling internal affairs and public information matters and that she has since been promoted to lieutenant in the same office. Doc. 61-5; *See e.g.* Exhibit E.

6. Again, the job duties of Sgt. Caleb Lee are evident from various emails provided to Plaintiff. He handles internal affairs and public information matters in the Office of Professional Standards and Training. *See e.g.* Doc. 61-1, p. 25.

7. It is unclear why Plaintiff believes these emails were forwarded to anyone, and Defendants do not believe that they were forwarded.

8. It is unclear why Plaintiff believes this email was forwarded to anyone, and Defendants do not believe that it was forwarded. It is also clear from the headings who was copied on the email.

9. There was no change; that entry is the same on both logs.

10. Yes, the highlighted entries represent the pages contained in Doc. 46-1.

11. Yes. Defendants have previously informed Plaintiff that Amelio Ramone Lamkin is the Marshal of Richmond County.

### III.     Plaintiff Is Not Entitled To Any Relief.

Among other things, Plaintiff argues that Defendants failed to produce a privilege log such that Plaintiff should be awarded attorney's fees. Defendants' privilege log was provided at the same time as the majority of the emails were provided to Plaintiff. Due to the cyber-attack Augusta was dealing with this summer, which affected Defendants' ability to search for and provide emails, the emails along with the log were provided after discovery ended. As previously explained to Plaintiff, Defendants received the emails and hurriedly reviewed and provided them to Plaintiff within about two weeks. Thus, there has not been any wholesale waiver of privilege. Additionally, many of Plaintiff's arguments are unreasonable such that Plaintiff should not be awarded any fees or sanctions. As argued above, Plaintiff also should not be entitled to receive any emails in unredacted form which are protected by attorney-client privilege.

Respectfully submitted this 13th day of October 2023.

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile: 706-855-7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| STEVEN SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>AUGUSTA-RICHMOND COUNTY, GEORIGA; RICHARD ROUNDTREE, individually and in his official capacity as Sheriff of Richmond County, Georgia; DEPUTY SMITH, individually and in his official capacity as a sworn officer of the Richmond County Sheriff's Office; MAJOR KEVIN JONES, individually and in his official capacity as Commander of the Charlie Webster Detention Center operated by the Richmond County Sheriff's Office; LIEUTENANT DANNY WHITEHEAD, individually and in his official capacity as a sworn officer of the Richmond County Sheriff's Office; and JOHN DOE DEFENDANTS ONE THROUGH SIX;<br><br>    Defendants. | CASE NO.: 1:22-CV-149 |

## **CERTIFICATE OF SERVICE**

This is to certify that the within and foregoing **Response** was served upon the following parties in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system, by email, or by depositing a copy in the United States Mail with adequate postage thereon to:

Charles C. Stebbins, III
Robert P. Mangum
Turner Padget Graham & Laney, P.A.
PO Box 1495
Augusta, GA 30903
cstebbinsiii@turnerpadget.com
rmangum@turnerpadget.com

This 13th day of October, 2023.

13

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile:  706-855-7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com