IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| STEVEN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-149 |
| | ) | |
| AUGUSTA-RICHMOND COUNTY, GEORGIA, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

For the reasons set forth below, the Court **DENIES** Plaintiff's Motion and Renewed Motion to Require Defendants' Compliance with Federal Rule of Civil Procedure 26(b)(5)(A). (Doc. nos. 46, 60-1, 60-2.)

**I.    BACKGROUND**

On August 25, 2023, Plaintiff filed a motion seeking supplementation of Defendants' privilege log. (Doc. no. 46.) Prior to filing the motion, Plaintiff made extraordinary efforts, both working alone and with defense counsel, to remedy critical problems with the defense's production including the defense's initial failure to provide any privilege log, failure to bates-stamp the production, and failure to cross-reference documents listed on the privilege log with the production. (See generally id.) On September 5, 2023, the Court conducted a teleconference and developed a schedule to further narrow issues in dispute. (Doc. no. 52.) Defendants provided a supplemental privilege log to Plaintiff on September 11, 2023. (Doc.

no. 61-2.)  On September 29, 2023, Plaintiff filed his supplemental motion and brief that narrowed the issues in dispute to the four addressed below, as delineated in sections 4(a), (c), (d), and (e) in the supplemental brief.  (See generally doc. nos. 60, 61.)  In his reply brief, Plaintiff advised that concerns raised in section 4(b) of the supplemental motion should be deferred.  (Doc. no. 66, p. 2.)

## II.     DISCUSSION

### A.     Section 4(a):  Command Staff Emails

Plaintiff argues Defendant Sheriff Richard Roundtree waived the attorney-client privilege by sharing legal advice from defense counsel concerning the noise ordinance with his entire Command Staff because the job titles of several members concern areas of operation that have nothing to do with the noise ordinance such as finance, records, and wellness.  (Doc. no. 61, pp. 8-12.)  Plaintiff contends such members had no need to know.  (Id. at 9-11.)  As Plaintiff points out, the Sheriff's website describes the Command Staff as follows:

> The Command Staff of the Sheriff's Office is composed of Division Heads and key personnel who are responsible for overall operations under the jurisdiction of the Sheriff. These people bring decades of valuable experience and knowledge to the daily operations of the Richmond County Sheriff's Office. They each have unique responsibilities and are accountable for the day-to-day operational and policy decision making. They make final recommendations to the Sheriff on several personnel matters. These commanders and supervisors also serve in a variety of ways to carry out the mission of the Sheriff.

(See doc. no. 62-1.)  There are twenty members of the Command Staff and more than 750 employees of the Sheriff's Department.  (Id.)

Wholly apart from their daily job responsibilities, members of the Command Staff comprise an executive team that makes high-level decisions concerning county-wide operations and policy.  In this context, each member of the Command Staff had an obvious

need to know about legal advice imparted to the Sheriff regarding the noise ordinance. The Sheriff did not waive the attorney-client privilege by sharing this legal advice with his executive team. This conclusion has been obvious since at least 1981, when the Supreme Court decided Upjohn Co. v. United States, 449 U.S. 383, 390-91 (1981). Therein, the Court recognized the attorney-client privilege of a corporation must include within its scope not only "the senior management" but also any person, regardless of rank who "is in a position to control or even to take a substantial part in a decision about any action which the corporation may take upon the advice of the attorney . . . ." Id. The entire Command Staff falls within the scope of senior management described in Upjohn. Id.; see also Scoggins v. Floyd Healthcare Mgmt., No. 4:14-CV-0274-HLM-WEJ, 2016 WL 11544904, at *3 (N.D. Ga. Mar. 28, 2016) (finding privilege covered sharing of legal advice with high-ranking employee on executive team even if employee was not directly responsible for subject matter); McCook Metals L.L.C. v. Alcoa, Inc., 192 F.R.D 242, 254 (N.D. Ill. Mar. 2, 2000) ("Management should be able to discuss among themselves the legal advice given to them as agents of the corporation with an expectation of privilege.").

Plaintiff points out two members of the Command Staff shared the legal advice with employees of the Sheriff's Department who are not on the Command Staff. (Doc. no. 61, pp. 10-11.) In response, Defendants explain that all of these specified recipients are "certified officers," and "it is within the officers' job duties to enforce the noise ordinance . . . ." (Doc. no. 64, p. 4.) Certified officers "need to know information about enforcement of the noise ordinance so that they could 'act appropriately . . . .'" (Id. at 4-5.)

No waiver occurred by sharing legal advice concerning the noise ordinance with officers responsible for enforcing the very same ordinance because, in the words of the Upjohn

3

Court, any certified officer responding to a noise complaint will "take a substantial part in a decision about any action." 449 U.S. at 390 (internal quotations and citations omitted). In other words, certified officers need to know legal advice concerning the noise ordinance to make informed decisions while investigating noise complaints and deciding whether to pursue charges or make an arrest. See, e.g., In re Vioxx Prods. Liab. Litig., 501 F. Supp. 2d 789, 796 (E.D. La. 2007) (attorney-client privilege extends to transmittal of legal advice to employees "who have a need to know in the scope of their corporate responsibilities"); Verschoth v. Time Warner, Inc., No. 00CIV1339AGSJCF, 2001 WL 286763, at *2 (S.D.N.Y. May 22, 2001) (holding privilege extends to employees who "share responsibility for the subject matter" so long as they exercise discretion in their position that benefits from legal advice); Weeks v. Samsung Heavy Indus. Co., No. 93C4899, 1996 WL 341537, at *4 (N.D. Ill. June 20, 1996) ("A privileged communication does not lose its status as such when an executive relays legal advice to another who shares responsibility for the subject matter underlying the consultation.").

    **B.**    **Section 4(c): Terrence E. Wynder Email**

Plaintiff contended he did not have sufficient information to determine the applicability of the privilege to an email from Terrence Wynder, a county code enforcer, to county in-house legal attorneys Wayne Brown and Samuel Mueller, with copy recipients Cada Delaney, Donna Tyra, and County Commissioners Paul Johnson and Sean Frantom. (Doc. no. 61, pp. 14-15.) Plaintiff requests to know the job functions of Cada Delaney and Donna Tyra, and "why they or Commissioner Sean Frantom would need to know what Mr. Wynder has said to Messrs. Brown and Mueller." (Id. at 15.) Defendants provided all of the requested information in its response brief, which appears adequate to the Court, and Plaintiff never mentioned the issue

4

again in his reply brief. (Doc. no. 64, p. 7; doc. no. 66.) There is no basis, therefore, for finding inapplicability or waiver of the attorney-client privilege.

Plaintiff was also concerned about document R-2245, a document redacted completely by the defense for which Plaintiff could find no match in the privilege log. (Doc. no. 61, p. 16.) In response, Defendants explained this email is a mere duplicate of several others, identified the duplicates, and confirmed this document appears on the privilege log. (Doc. no. 64, p. 8.) Plaintiff never mentioned the issue again in its reply brief. (Doc. no. 66.) Thus, there is no basis for finding inapplicability or waiver of the attorney-client privilege.

### C. Section 4(d): Absence of Documents Referenced in Privilege Log

Plaintiff argued the privilege log references documents that do not correspond with any redacted documents in the defense's production, leading Plaintiff to "presume that these refer to documents that have been withheld in toto on the ground of attorney-client privilege. (Doc. no. 61, p. 16.) Having explained the problem as such, Plaintiff stated as follows: "Plaintiff refers to the following entries on the Supplemental Privilege Log." (Id.) However, no citations to the privilege log follow, in what must be an oversight. (Id.) Defendants identified this oversight in their response brief and nonetheless provided detailed information regarding emails listed on the privilege log, and Plaintiff never mentioned the issue again in its reply brief. (Doc. no. 64, p. 8-10; doc. no. 66.) There is no basis, therefore, for finding inapplicability or waiver of the attorney-client privilege.

### D. Section 4(e): Questions Posed by Plaintiff

Plaintiff asked the Court to order Defendants to answer questions concerning the defense privilege log and production. (Doc. no. 61, pp. 16-17.) Defendants provided this

5

information in their response brief, and Plaintiff did not mention the issue again in its reply brief.  (Doc. no. 64, pp. 10-11; doc. no. 66.)  Thus, the issue appears to be resolved.

    E. **The Court Does Not Impose Sanctions or Award Fees**

Based on the foregoing discussion, the Court finds no basis for awarding Plaintiff's requested fees and costs under Federal Rule of Civil Procedure 37(c).  (Doc. no. 60-1.)

    F. **Furnishing Any Additional Information to Plaintiff's Counsel**

To the extent Plaintiff's counsel has any further questions regarding the above issues, defense counsel should endeavor to answer them because Plaintiff's counsel has made an extraordinary effort to make sense of the production and privilege log and worked hard to narrow the issues in dispute.  Defense counsel should similarly go the extra mile to assure Plaintiff's counsel that all responsive documents, including email threads that branch from an original string, have been fully accounted for in the privilege log and/or production.  In the event of any additional discovery disputes, the parties shall schedule a discovery conference with the undersigned prior to filing additional motions.

  SO ORDERED this 9th day of January, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA