# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

STEVEN SMITH,  *
                 *

      Plaintiff,  *
                 *

     v.  *          CV 122-149
                 *

AUGUSTA-RICHMOND COUNTY,  *
GEORGIA, et al.,  *
                 *

      Defendants.  *

---

# O R D E R

---

    For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections, (doc. no. 68), to the Magistrate Judge's Order dated January 9, 2024, (doc. no. 67), that denied Plaintiff's Motion and Renewed Motion to Require Defendants' Compliance with Federal Rule of Civil Procedure 26(b)(5)(A), (doc. nos. 46, 60-1, 60-2). Familiarity with the Order on appeal is presumed.

    Under Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy." "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The clearly erroneous and contrary to law standards are "exceedingly deferential." <u>Pate v. Winn-Dixie Stores, Inc.</u>, No. CV 213-166, 2014 WL 5460629, at

*1 (S.D. Ga. Oct. 27, 2014) (citations omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal., 508 U.S. 602, 622 (1993) (alteration in original) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A finding is contrary to law "where it either fails to follow or misapplies the applicable law." Jackson v. Deen, No. CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citation omitted). As explained below, the Magistrate Judge correctly decided the contested factual and legal issues.

Plaintiff contends the Magistrate Judge's application of Upjohn Co. v. United States, 449 U.S. 383, 390-91 (1981), constitutes a "fundamental misreading" of the decision. (Doc. no. 68, pp. 7-10.) On the contrary, as the Magistrate Judge concluded, the Upjohn Court agreed with lower courts that the corporate attorney-client privilege includes within its scope "senior management, guiding and integrating the several operations." Upjohn, 449 U.S. at 383. Plaintiff is correct the Court rejected the "control group" test, but it did so because it was overly narrow by failing to include middle-level and lower-level employees who possess information relevant to a legal matter. Id. at 383, 391. As the Eleventh Circuit recently explained, "In Upjohn, the Supreme Court held that, where an

2

attorney represents a corporation, the corporation's attorney-client privilege *extends beyond* individuals who 'control' the corporation to include other employees with whom the lawyer must consult in order to advise the company." Berisha v. Lawson, 973 F.3d 1304, 1317 (11th Cir. 2020) (emphasis added), cert. denied, 141 S. Ct. 2424 (2021).[1]

As support for his argument, Plaintiff cites In re Grand Jury Subpoenas Dated Dec. 18, 1981 & Jan. 4, 1982, 561 F. Supp. 1247, 1260-61 (E.D.N.Y. 1982). (Doc. no. 68, pp. 7-8.) But Plaintiff himself points out the reason this forty-year-old decision from New York has no application here, i.e., the corporation's board chairman completely washed his hands of any authority or involvement in the subject matter discussed in the legal communication. Id. at 1260.

Plaintiff further contends the Magistrate Judge misunderstood the purpose of the Command Staff as described on the website of the Richmond County Sheriff's Department, which

---

[1] See also Eglin Fed. Credit Union v. Cantor, Fitzgerald Sec. Corp., 91 F.R.D. 414, 418 (N.D. Ga. 1981) (recognizing Upjohn extends privilege beyond control group to include lower-level employees with relevant knowledge); Scoggins v. Floyd Healthcare Mgmt., No. CV 414-0274-HLM-WEJ, 2016 WL 11544904, at *3 (N.D. Ga. Mar. 28, 2016) (finding privilege covered sharing of legal advice with high-ranking employee on executive team not directly responsible for subject matter); McCook Metals L.L.C. v. Alcoa, Inc., 192 F.R.D 242, 254 (N.D. Ill. Mar. 2, 2000) ("Management should be able to discuss among themselves the legal advice given to them as agents of the corporation with an expectation of privilege."); Ezell v. Darrs, No. CV 411-93-CDL, 2012 WL 123374, at *3 (M.D. Ga. Jan. 17, 2012) (recognizing Upjohn extends privilege beyond control group).

Plaintiff introduced as an exhibit for consideration by the Magistrate Judge and that provides as follows:

> The Command Staff of the Sheriff's office is composed of Division Heads and key personnel who are responsible for overall operations under the jurisdiction of the Sheriff. These people bring decades of valuable experience and knowledge to the daily operations of the Richmond County Sheriff's Office. They each have unique responsibilities and are accountable for the day-to-day operational and policy decision making. They make final recommendations to the Sheriff on several personnel matters. These commanders and supervisors also serve in a variety of ways to carry out the mission of the Sheriff.

(See doc. nos. 61-5, 62-1; see also 68-2.) From this description, the Magistrate Judge described the purpose of the RCSO Command Staff as follows: "Wholly apart from their daily job responsibilities, members of the Command Staff comprise an executive team that makes high-level decisions concerning county-wide operations and policy." (Doc. no. 67, p. 2.)

Plaintiff argues the Command Staff does not function as a group and, instead, each member is siloed and only works on operational and policy decisions within his or her narrow window of responsibility, arguing for example:

> Although the expression "accountable for the day-to-day operational and policy decision making" is vague and contains on [sic] clear referent, it overburdens credibility to suppose that, for example, Counselor Linda Doty, who received the email and whose duties are described as "resiliency and wellness center", has any policy making function with respect to the enforcement of county ordinances.

(Doc. no. 68, p. 15.) This interpretation is plausible but falls short of rendering the Magistrate Judge's interpretation clearly erroneous or contrary to law.

Finally, Plaintiff argues waiver of the privilege occurred when two members of the RCSO Command Staff forwarded the attorney email at issue to Walter Ashley, Jeff Johnson, Chad Mallis, Tracy Carter, William McCarty, and Caleb Lee. (Id. at 14; see also doc. no. 46-1, pp. 32-34.) While Plaintiff concedes sharing the email with Officer Jeff Johnson did not waive the privilege because he responds to noise complaints, Plaintiff argues the remaining officers do not respond to noise complaints and had no "need to know" the information in the email. (Doc. no. 68, p. 14.) The Magistrate Judge rejected this argument because Defendants identified all six of these officers in their response brief as "certified officers" whose job duties include responding to noise complaints and enforcement of the noise ordinance. (Doc. no. 64, p. 4.) Plaintiff did not disagree in his reply brief. (See generally doc. no. 66.) In his objections, Plaintiff neither references the Magistrate Judge's reasoning nor explains why it is clearly erroneous or contrary to law. (See generally doc. no. 68.)

In conclusion, the Court **FINDS** the Magistrate Judge's Order is not clearly erroneous or contrary to law, and **OVERRULES** Plaintiff's Objections, (id.). However, out of an abundance of caution, and to ensure a full and complete record, the Court

**DIRECTS** defense counsel to obtain an affidavit from Richmond County Sheriff Richard Roundtree explaining: (1) the purpose, authority, and function of the Command Staff as an executive body, including whether the Command Staff has any role with respect to consideration of county ordinances or Sheriff's Department policies, procedures, and/or operations; and (2) whether the six recipients of the forwarded email have job duties concerning the noise ordinance such as enforcement duties.

Defense counsel shall email the affidavit to Plaintiff's counsel within fourteen days of the date of this Order. Within fourteen days of receiving the affidavit, Plaintiff may file a renewed motion if the affidavit contains information that provides a good faith basis for claiming waiver under the legal analysis above and in the Magistrate Judge's Order on appeal. The Magistrate Judge will consider any such motion.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of February, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA