**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

STEVEN SMITH,             *
                          *
    Plaintiff,            *
                          *
    v.                    *          CV 122-149
                          *
AUGUSTA-RICHMOND COUNTY,  *
GEORGIA, et al.,          *
                          *
    Defendants.           *
                          *

_____

**O R D E R**

_____

Before the Court are Plaintiff's motion for clarification or reconsideration (Doc. 85), motion for leave to file out of time (Doc. 86), motion to amend complaint (Doc. 87), motion for leave to file out of time regarding motion to amend (Doc. 88), and Defendant Augusta-Richmond County, Georgia's ("Augusta") motion to dismiss (Doc. 90). For the following reasons, Plaintiff's motion for clarification or reconsideration is **GRANTED IN PART AND DENIED IN PART**, both motions for leave to file out of time are **GRANTED**, the motion to amend complaint is **DENIED**, and Defendant Augusta's motion to dismiss is **DENIED**.

## I. BACKGROUND

The facts of this case were detailed in the Court's March 25, 2024 Order (the "Order"). (Doc. 74, at 1-6.) However, additional developments have occurred since.

All three sections of Augusta, Georgia's noise ordinance (the "Ordinance") are the subject of Count One of Plaintiff's complaint, which seeks injunctive relief against Defendant Augusta. (Doc. 1, at 18-24.) On January 23, 2025, Section 3-6-3 ("Section 3") of the Ordinance was repealed. (Doc. 90-1, at 1.) After Section 3 was repealed, Plaintiff detailed an interaction that took place at A Preferred Women's Health Center on May 23, 2025, where Richmond County Sheriff's Office deputies "specifically instructed Plaintiff and others that if they did not comply with the provisions of 'Section 3' of the [Ordinance], they would be cited for violation of the law." (Doc. 98, at 1-2.) Further, the officers did not answer as to whether they knew of the repeal of Section 3 and read the text of Section 3 aloud when asked which section was being violated. (Id. at 2.) In reply, Defendants stated, "John Manton, counsel for Augusta, Georgia, informed members of the Richmond County Sheriff's Office Command Staff that [Section 3] was repealed" on February 12, 2025, before the interaction. (Doc. 99, at 1; Doc. 99-1, at 1.)

2

On March 31, 2025, Plaintiff filed a motion for reconsideration or clarification of the Order (Doc. 85) and a motion for leave to file the motion out of time (Doc. 86).[1] On April 14, 2025, Plaintiff filed a motion to amend complaint and a motion for leave to file the motion to amend out of time, and Defendants responded to Plaintiff's motion for reconsideration. (Docs. 87, 88, 89.) Two days later, Defendant Augusta filed a motion to dismiss. (Doc. 90.) Defendants then responded to Plaintiff's motions to amend and file out of time, and Plaintiff responded to the motion to dismiss. (Docs. 92, 94.) Plaintiff replied to Defendants' response to the motion to amend complaint on May 12, 2025, and two days later, Defendant Augusta replied to Plaintiff's response on its motion to dismiss. (Docs. 96, 97.) Lastly, Plaintiff filed a supplemental brief opposing the motion to dismiss, and Defendant Augusta responded. (Docs. 98, 99.) Because several issues were raised that needed consideration before holding a hearing on Plaintiff's requested injunctive relief, the Court continued the hearing originally scheduled for April 24, 2025 pending review of the outstanding motions. (Doc. 91.) Because several motions depend on Plaintiff's motion for

---

[1] Plaintiff moved for reconsideration or clarification under Federal Rule of Civil Procedure 54(b), which governs the reconsideration of interlocutory orders. (Doc. 86.) Rule 54(b) allows a Court to reconsider interlocutory orders at any time, so there is no need to seek leave to file out of time. FED. R. CIV. P. 54(b). Thus, Plaintiff's motion to file out of time (Doc. 86) is **DENIED AS MOOT.**

clarification or reconsideration, the Court first addresses that motion.

## II. PLAINTIFF'S MOTION FOR CLARIFICATION OR RECONSIDERATION

Plaintiff moves for clarification or reconsideration of the Order regarding the abandonment of Plaintiff's Count One arguments relating to Sections 3-6-1 and 3-6-2 of the Ordinance ("Sections 1 and 2"). (Doc. 85, at 1.) Plaintiff requests clarification on whether the Court implicitly granted summary judgment as to Plaintiff's facial claim against Sections 1 and 2, as well as the as applied claim against enforcement of Sections 1 and 2. (Doc. 85-2, at 3-4.) If the Court granted summary judgment on Sections 1 and 2, Plaintiff requests reconsideration and reversal "in the interest of justice." (Id. at 4.) Plaintiff argues "the Order does not require a conclusion that it implicitly grants summary judgment to Defendants," and even if it does require that conclusion, Plaintiff argues the unconstitutionality of the Ordinance as a whole. (Id. at 3.) Thus, Plaintiff argues he provided arguments applicable to Sections 1 and 2. (Id.)

Defendants argue Plaintiff only addressed Section 3 in response to their motion for summary judgment even though his complaint alleges all three sections are unconstitutional. (Doc. 89, at 1.) Because of this, Defendants assert "[the] Court ruled that Plaintiff had abandoned his claims related to [Sections 1 and

2]." (Id.) Further, Defendants argue Plaintiff fails to meet his burden for reconsideration because he "has not identified any clear error or manifest injustice that would occur if this Court declined to reconsider its order." (Id. at 5.)

## A. Legal Standard

A district court's authority to revise interlocutory orders provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). Rule 54(b) does not define the limits of a district court's discretion to reconsider interlocutory orders, but the Eleventh Circuit has indicated that Rule 54(b) takes after Rule 60(b). Herman v. Hartford Life and Accident Ins., 508 F. App'x 923, 927 n.1 (11th Cir. 2013) (citation omitted). Rule 60(b) permits "relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Child. & Fams., 259 F. App'x 201, 205 (11th Cir. 2007) (quoting FED. R. CIV. P. 60(b)) (internal quotation marks omitted).

**B. Analysis**

The Court finds it unnecessary to reconsider its rulings in the Order. However, the Court clarifies its findings on the abandonment of Plaintiff's arguments on Sections 1 and 2. Plaintiff correctly states, "[t]he Court did not grant summary judgment . . . as to Sections 1 and 2 of the Ordinance." (Doc. 85-2, at 1.) The Court acknowledged, for the purposes of the motion for summary judgment only, that because Plaintiff's response "only contain[ed] arguments about whether [Section 3] is unconstitutional[,] . . . the Court treats Plaintiff's other arguments as abandoned." (Doc. 74, at 9-10.) The Court did not implicitly grant summary judgment as to Plaintiff's claims against Sections 1 and 2. As such, Plaintiff is not barred from making arguments on Sections 1 and 2 during a hearing for injunctive relief or for the duration of the case. Because the Court did not rule on Plaintiff's arguments on Sections 1 and 2 in the Order, there is no need to complete a reconsideration analysis under Rule 54(b). For these reasons, Plaintiff's motion for clarification is **GRANTED** and motion for reconsideration is **DENIED**.

6

### III. PLAINTIFF'S MOTION TO AMEND AND TO FILE OUT OF TIME

The Court first analyzes Plaintiff's motion to file out of time then turns to his motion to amend complaint.

**A. Motion to File Out of Time**

Plaintiff argues his motion to file out of time should be granted because his motion to amend could not have been filed before April 4, 2025 when the change in law occurred. (Doc. 88, at 1.) Plaintiff seeks to amend his complaint to add a new claim for injunctive relief against Defendant Augusta under Georgia's Religious Freedom Restoration Act ("GRFRA"). (Id. at 4, 7); O.C.G.A. §§ 50-15A-1 to 50-15A-3. This law became effective on April 4, 2025, and Plaintiff moved to amend on April 14, 2025. (Doc. 87-1, at 1.) Plaintiff argues he has acted in good faith and sought leave to amend "as promptly as was consistent with his counsel's obligation to be sure that the proposed amendment sets forth a viable claim for injunctive relief." (Doc. 88, at 14.) Defendants do not oppose Plaintiff's motion to file out of time.

Plaintiff moves to amend under Federal Rule of Civil Procedure 15(a) and 15(d). (Doc. 87, at 1.) But, because Plaintiff's motion to amend was filed after the scheduling order's deadline, he must first establish good cause under Rule 16(b) before the Court will consider whether amendment is proper. Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419, 1418 n.2 (11th Cir. 1998) (citation omitted) ("[W]hen a motion to amend is filed after a scheduling order

7

deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused."). "[I]n order to ensure the orderly administration of justice, [the court] has the authority and responsibility to set and enforce reasonable deadlines." Lowe's Home Ctrs., Inc. v. Olin Corp., 313 F.3d 1307, 1315 (11th Cir. 2002) (citations omitted). "If [the Court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa, 133 F.3d at 1419. Rule 16(b)(4) states, "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

Plaintiff moved to amend after the scheduling order's August 25, 2023 deadline for filing civil motions. (Doc. 40, at 1; Doc. 87, at 1.) Given the timing, "Rule 16 is the proper guide for determining whether [Plaintiff's] delay may be excused," Sosa, 133 F.3d at 1418 n.2, and so the appropriate inquiry is whether Plaintiff has shown good cause for the delay in filing his motion. FED. R. CIV. P. 16(b)(4). "The good cause standard precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension." Sosa, 133 F.3d at 1418 (internal quotation marks and citations omitted). Indeed, "[i]f [a] party was not diligent, the [good cause] inquiry should end." Id. (citation omitted).

The Court finds Plaintiff has shown good cause and may file his motion to amend out of time. The GRFRA did not become effective until April 2025, nearly two years after the scheduling order deadline. (Doc. 40, at 1; Doc. 87, at 1.) There was no way for Plaintiff to amend his complaint to add his GRFRA claim until after the law was passed. Once the law became effective on April 4, 2025, Plaintiff was diligent in filing his motion to file out of time a mere ten days later. (Doc. 88, at 1.) As such, Plaintiff has shown good cause in the delay of the filing of his motion past the scheduling order deadline; thus, the motion to file out of time (Doc. 88) is **GRANTED.**

## B. Motion to Amend Complaint

The Court turns to the Parties' arguments on amendment. Plaintiff argues his motion to amend should be granted because "[p]recedent and reason strongly support the exercise of the Court's discretion to allow the new claim;" the amendment "would be strongly in the interest of fundamental justice and judicial economy;" "[i]t would not require any new fact-finding;" and "[i]t would work no prejudice to Defendants." (Doc. 87-1, at 3, 10.) Further, Plaintiff states the Court need not abstain from supplemental jurisdiction over the claim because the General Assembly expressed its intention that a GRFRA claim should be reviewed based on the standards present in the federal Religious

Freedom Restoration Act ("RFRA"), so there are no novel issues. (Id. at 7.)

Defendants argue the amendment is futile and they would be unduly prejudiced by the amendment. (Doc. 92, at 2-4.) As to moving to supplement under Rule 15(d), Defendants assert that Plaintiff has not alleged any new citations he received under Sections 1 and 2 since that passage of GRFRA, and so there are no grounds to supplement his complaint. (Id. at 4-5.) Lastly, Defendants argue there are compelling reasons for the Court to decline supplemental jurisdiction on the state law claim because it raises a novel issue of state law, and there has been no related litigation yet on the law. (Id. at 5.)

Without considering the merits of the amendment's futility or prejudice against Defendants, the Court agrees with Defendants regarding its exercise of supplemental jurisdiction over the GRFRA claim. The Court notes that as of the date of this Order, there have been no state or federal rulings on matters involving GRFRA claims. A district court "may decline to exercise supplemental jurisdiction over a claim" if one of the following is true: (1) "the claim raises a novel or complex issue of State law"; (2) the state-law claim "substantially predominates" over the original-jurisdiction claim; (3) all original-jurisdiction claims have been dismissed; or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C.

10

§ 1367(c).    When determining whether to exercise supplemental jurisdiction, courts should consider "judicial economy, convenience, fairness, and comity."  Ameritox, Ltd. v. Millenium Labs., Inc., 803 F.3d 518, 532 (11th Cir. 2015).

The GRFRA is a new law that no state court has considered, so the Court finds there is a novel issue of state law and refrains from making first impression decisions.  See Demauro v. Limo, Inc., No. 8:10-cv-413, 2010 WL 2471501, at *5 (M.D. Fla. June 17, 2010) (citation omitted) ("[J]udicial economy and fairness to the parties are not served if the Court makes several essentially first-impression decisions about novel and complex state law issues.").    Even though GRFRA is based on the federal RFRA structure, the Court chooses not to make determinations on the new state law before Georgia courts interpret it.   (Doc. 88, at 27.) This is because "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).  Accordingly, "'[s]tate courts, not federal courts, should be the final arbiters of state law' in our federalist system." Ameritox, 803 F.3d at 540 (citation omitted).   The only factor supporting exercising supplemental jurisdiction is convenience because Plaintiff must bring his GRFRA claim as a separate action in state court.   However, because Plaintiff's initially asserted

11

federal law claims regarding Sections 1 and 2 of the Ordinance are available to him under Count One, he can still seek the relief in this Court that he would pursue under GRFRA in state court. For the above reasons, Plaintiff's motion to amend his complaint (Doc. 87) is **DENIED**.

### IV. DEFENDANT AUGUSTA'S MOTION TO DISMISS

Defendant Augusta moves to dismiss Plaintiff's claim seeking declaratory and injunctive relief regarding the Ordinance as moot. (Doc. 90, at 1.) It argues, "[t]he Court denied Defendants' motion for summary judgment as it related to [Section 3] of the [Ordinance]," but, "[w]ith regard to the other two sections of the [Ordinance], [Sections 1 and 2], the [C]ourt determined that Plaintiff had abandoned those claims since he did not address them in his response to Defendants' motion." (Id.) Defendant Augusta argues Section 3 was repealed on January 23, 2025; thus, "Plaintiff's claims related to [Section 3] are moot, and there is no case or controversy between Plaintiff and [Defendant] Augusta." (Id. at 1, 3.) Defendant Augusta also argues, "[t]here is an exception if there is a substantial likelihood that the legislation will be reenacted or if [it] has been replaced by another constitutionally suspect law," but that is not the case because Augusta (1) repealed Section 3 using its normal legislative process; (2) took legislative action by enacting an ordinance to

12

permanently repeal Section 3; and (3) unambiguously repealed Section 3 and maintains that it will not be reenacted in a constitutionally suspect manner. (Id. at 2-3.)

In response, Plaintiff argues his prayer for injunctive relief is not moot because: (1) if his motion for clarification or reconsideration is granted, then he can still pursue injunctive relief against enforcement of Sections 1 and 2; (2) if his motion to amend is granted to add the GRFRA claim, he will be entitled to obtain an injunction against enforcement of Sections 1 and 2 under the new law; (3) there is still the possibility of other injunctive relief because Plaintiff also seeks injunctive relief against "unconstitutional tactics and practices of Defendants accompanying their attempted enforcement of the [Ordinance];" and (4) "the [r]ecord is not sufficient to allow the Court to be satisfied that there will not be a re-enactment of Section 3." (Doc. 94, at 1-9.) As to Defendant Augusta's repeal process, Plaintiff argues (1) there was no explanation given for the repeal and no substantial deliberation by the Augusta, Georgia Commission; (2) the repeal was motivated by an attempt to manipulate the Court's jurisdiction; (3) the repeal was unambiguous, but Defendant Augusta has not expressly stated it will not attempt to reenact an ordinance similar to Section 3; and (4) Defendant Augusta has not maintained its commitment because "Mr. Manton's affidavit suggests . . . that [Defendant Augusta] will attempt to re-enact

13

this same statute with more of an evidentiary basis." (Id. at 11-18.)

Plaintiff also details an interaction he had with Richmond County deputies on May 23, 2025, after the repeal of Section 3, in which the deputies informed protestors that they were not complying with Section 3 and would be cited for violating the law. (Doc. 98, at 2.) Plaintiff and others were not cited at that time, but Plaintiff argues that "even though it appears that Defendant Augusta . . . has (although in a secretive and hurried manner) repealed Section 3, it continues, through its enforcement agents, the officers of the Richmond County Sheriff's Office, to threaten Plaintiff and others with enforcement." (Id. at 2-3.) Defendant Augusta replied, arguing that Plaintiff does not allege new conduct by Defendant Augusta, Richmond County Sheriff's Office Command Staff was informed of the repeal on February 12, 2025, and Plaintiff presents no evidence that Defendant Augusta is involved in any enforcement of the repealed Section 3. (Doc. 99, at 1-2.)

## A. Legal Standard

In every case there must be "a real, substantial controversy between parties having adverse legal interests." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979) (citation omitted). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993)

14

(citation omitted).  Often, a challenge to the constitutionality of a statute is mooted if the statute is repealed, and the Supreme Court has held that the repeal of legislation at issue mooted a plaintiff's request for injunctive relief.  Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1329 (11th Cir. 2004) (citing Lewis v. Cont'l Bank Corp, 494 U.S. 472, 474 (1990)).  There is an exception "if there is a substantial likelihood that the challenged statutory language will be reenacted."  Id.

When a government voluntarily stops a challenged action, there is a presumption that the government will not resume that action; thus, a plaintiff must show that there is "a reasonable expectation" that the government "will reverse course and reenact the allegedly offensive" policy.  Walker v. City of Calhoun, 901 F.3d 1245, 1270 (11th Cir. 2018) (citation omitted).  To determine whether there is a reasonable expectation that the government will reenact, "courts look to three broad factors": 1) whether the change resulted from substantial deliberation or is an attempt to manipulate the Court's jurisdiction; 2) whether the government's decision was ambiguous; and 3) "whether the government has consistently maintained its commitment to the new policy or legislative scheme."  Id. (citation omitted).

## B. Analysis

Based on the Court's clarification above, Plaintiff is not precluded from seeking injunctive relief against enforcement of

15

Sections 1 and 2 of the Ordinance, so for that reason alone, Count One is not moot.

As to Section 3, the Court finds it was appropriately repealed such that there is no longer a controversy between the Parties, and Plaintiff has not shown there is a reasonable expectation the government will reenact it.  Plaintiff and Defendant Augusta do not contest that the repeal was unambiguous.  (Doc. 90, at 2-3; Doc. 94, at 17.)  In this context, unambiguous means the action taken reflects a rejection of the challenged conduct that is permanent and complete.  Walker, 901 F.3d at 1270 (citation omitted).  The Court finds the repeal language is final and unambiguous, so this factor weighs against a reasonable expectation of reenactment.

The next factor, whether the change resulted from substantial deliberation or is instead an attempt to manipulate jurisdiction, requires examining "the timing of the repeal, the procedures used in enacting it, and any explanations independent of this litigation which may have motivated it."  Id. (citation and quotations omitted).  Defendants argue Section 3 was repealed "in a regular and public commission meeting, using its normal legislative process."  (Doc. 90, at 2; Doc. 90-2, at 4.)  Plaintiff argues the repeal did not stem from substantial deliberation because at the January 23, 2025 Commission meeting, the repeal was transferred to the consent agenda, not voted on, not mentioned in open session of

16

the Commission, and merely approved after hearing no objections. (Doc. 94, at 12, 14.)  Plaintiff also asserts the repeal did not take place until ten months after the Order denying summary judgment, and Defendant Augusta only notified the Court that the repeal occurred after the Court filed a Notice of Hearing on Plaintiff's request for injunctive relief.  (Id. at 14.)  Further, Plaintiff argues it is unclear when John Manton placed the ordinance to repeal Section 3 on the regular agenda or if that occurred after any consideration by the Commission; thus, this supports the repeal was not motivated by substantial deliberation, but rather by an attempt to manipulate jurisdiction.  (Id. at 14-15.)  Defendant Augusta argues that "Plaintiff's assertions that [Defendant] Augusta may reenact a similar ordinance are pure speculation."  (Doc. 97, at 4.)

The Court finds this factor is neutral.  The repeal occurred at a Commission meeting, not in secret, but it appears the repeal was not officially voted on in the meeting because it was placed on the consent agenda.  (Doc. 94, at 12.)  Further, it is unclear what level of deliberation, if any, occurred before the repeal. However, the Court also understands that when legal counsel determined that a code section may have been enacted in an unconstitutional manner, there was perhaps not much deliberation needed.  It appears the repeal was done in part because of this litigation, as John Manton's affidavit stated he created the repeal

17

ordinance after reviewing the Order and consulting outside counsel. (Doc. 90-3, at 1.) Lastly, the timing of the repeal and subsequent notification to the Court is questionable given the ten-month delay after the Order and the Notice of Hearing filed March 7, 2025. (Doc. 90-1, at 1.) Given these ambiguities, the Court finds it is not enough for this factor to weigh in favor of or against a reasonable expectation of reenactment. "Mere speculation that [Defendant Augusta] may return to its previous ways is no substitute for concrete evidence of secret intentions," and because he has not directly shown a reasonable expectation of reenactment, Plaintiff has not demonstrated his challenge on Section 3 is not moot. Nat'l Advert. Co. v. City of Miami, 402 F.3d 1329, 1334 (11th Cir. 2005).

The last factor, whether the government has maintained its commitment to the new policy or legislative scheme, weighs against a reasonable expectation of reenactment. Defendant Augusta argues this factor supports mootness because it repealed Section 3 and "maintains that it will not be reenacted in a constitutionally suspect manner." (Doc. 90, at 3.) Plaintiff argues John Manton's affidavit suggests that Defendant Augusta will try to reenact the same statute, just with more evidentiary basis. (Doc. 94, at 18.)

Section 3 was repealed in January 2025. (Doc. 90-1, at 1.) As of the date of this Order, there is no evidence a replacement has been created. The Parties are silent on what updates, if any,

18

have occurred since May 2025. John Manton's April 15, 2025 affidavit is noncommittal on whether Defendant Augusta will enact a regulation similar to Section 3. (Doc. 90-3, at 1-2.) Based on this, it appears that Defendant Augusta has so far maintained its commitment to repealing Section 3, and it "will undertake a more substantial process prior to even considering" an ordinance similar to Section 3 again. (Id. at 2.)

Because the three factors support that there is not a reasonable expectation that Defendant Augusta will reenact, at least not with the allegedly offending features of Section 3, and the affidavit from John Manton indicates Defendant Augusta is aware a replacement section will not pass Constitutional muster without the Commissioners "hav[ing] substantial evidence of adverse health effects of noise on patients," Plaintiff's claim regarding Section 3 is moot due to a lack of live case or controversy. (Id.)

For these reasons, the Court **DENIES** Defendant Augusta's motion to dismiss Count One based on Sections 1 and 2. The Court finds Section 3 was repealed appropriately and there is no reasonable expectation it will be reenacted such that the claim regarding Section 3 is **MOOT**. The Court will take up arguments regarding Sections 1 and 2 of the Ordinance at an evidentiary hearing on Plaintiff's request for permanent and interlocutory relief.

## V. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration or clarification (Doc. 85) is **GRANTED IN PART AND DENIED IN PART,** both motions for leave to file out of time (Docs. 86, 88) are **GRANTED,** the motion to amend complaint (Doc. 87) is **DENIED,** and Defendant Augusta's motion to dismiss (Doc. 90) is **DENIED.** The Court will reschedule a hearing on Plaintiff's request for permanent and interlocutory relief, then the case **SHALL** proceed to trial on all remaining claims in due course.

**ORDER ENTERED** at Augusta, Georgia, this _10th_ day of March, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

20